**STATE of Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT IN AND FOR LINN COUNTY, William R. Eads, Judge, Defendant.**

No. 2-57994.

Supreme Court of Iowa.

Dec. 17, 1975.

Eugene J. Kopecky, Linn County Atty., and Richard A. Pundt, Asst. Linn County Atty., for plaintiff.

Gary L. Robinson, Cedar Rapids, for defendant.

Heard by MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

The State of Iowa brought the instant original certiorari proceeding in this court to test the legality of an order in a criminal case which is pending in the Linn District Court.

Dan Joseph Smith lived in Madison, Wisconsin. He and a companion hitchhiked into northeast Iowa where, as the State claims, they stole two motor vehicles in two separate thefts. The men returned to Madison, and the State subsequently extradited Smith to Linn County, Iowa.

On October 22, 1974, Smith appeared before the Linn District Court, which appointed an attorney for him. This attorney saw Smith only once, in jail, and about three weeks after the appointment the district court replaced the attorney with another one.

Six days after Smith originally appeared before the district court, Deputy Sheriff Dennis Blome took him from jail to the sheriff's headquarters. Blome fully advised Smith of his Miranda rights. Smith orally and in writing stated he waived his rights. He then orally and in writing confessed to having stolen the vehicles.

On December 6, 1974, the Linn County Attorney charged Smith with larceny of a motor vehicle. Smith pleaded not guilty, and then changed his plea to guilty pursuant to a plea bargain that the county attorney would recommend a deferred sentence.

Upon examination of the presentence report at the sentencing hearing, the district court refused to approve the plea bargain and gave Smith an opportunity to withdraw his guilty plea. Smith did so, and the court set the case for trial.

Smith then moved to suppress the confession he made to Blome. Judge William R. Eads held a hearing on the motion and sustained it. As we understand Judge Eads' ruling, he sustained the motion on the ground that Smith could not waive his rights when he had an attorney at the time and did not avail himself of the attorney's services. Judge Eads cited *State v. District Court in and for Linn County*, 188 N.W.2d 338 (Iowa). In that certiorari proceeding he took the same position, as shown by the abstracts and arguments in that case. We there upheld his ruling by an equally divided court.

In the present situation, the State petitioned this court for certiorari to test Judge Eads' present order and we granted a writ. The return and briefs are now before us and counsel have orally argued the cause.

The proceeding involves two questions: whether Judge Eads was right in applying the so-called per se rule and if not, what disposition we should make of the case.

■ I. The first question is whether a confession by a person in the absence of his then attorney is inadmissible per se, even if the person in fact voluntarily and intelligently waived his rights. This question is answered in the negative by our more recent decisions of *State v. Allen*, 224 N.W.2d 237 (Iowa), and *State v. Winfrey*, 221 N.W.2d 269 (Iowa). We there held that a person in such a situation can legally waive his rights. Our holding is in line with the prevailing view. *Moore v. Wolff*, 495 F.2d 35 (8 Cir.); *United States v. Masullo*, 489 F.2d 217 (2 Cir.); *United States v. Dority*, 487 F.2d 846 (6 Cir.); *United States v. Springer*, 460 F.2d 1344 (7 Cir.), cert. den., 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125; *Coughlan v. United States*, 391 F.2d 371 (9 Cir.), cert. den., 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139. See also *Williams v. Brewer*, 509 F.2d 227, 233 (8 Cir.); *State v. Adkins*, 225 N.W.2d 598 (S.D.). We therefore hold that Judge Eads applied a wrong rule of law here.

■ II. The second question pertains to proper disposition by us of this certiorari proceeding. Rule 316 of the Rules of Civil Procedure states:

Unless otherwise specially provided by statute, the judgment on certiorari shall be limited to sustaining the proceedings below, or annulling the same wholly or in

part, to the extent that they were illegal or in excess of jurisdiction, *and prescribing the manner in which either party may proceed further,* nor shall such judgment substitute a different or amended decree or order for that being reviewed. (Italics added.)

Under this rule we may remand for further proceedings. *Watson v. Charlton,* 243 Iowa 80, 50 N.W.2d 605.

 Smith stated orally and in writing that he waived his rights. He could *legally* waive them. The question is whether his waiver was *in fact* voluntary and intelligent as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Judge Eads did not determine that factual issue. On that issue, the court which is hearing or reviewing the evidence must consider the totality of the circumstances. *State v. Niccum,* 190 N.W.2d 815 (Iowa). The burden is on the State to prove by a preponderance of the evidence that the waiver was voluntary and intelligent. *State v. Cullison,* 227 N.W.2d 121 (Iowa). We remand the case for a determination in the criminal case of that factual issue, upon the evidence previously adduced.

Writ sustained and cause remanded.