Robert J. HEARITY, Plaintiff,

v.

**IOWA DISTRICT COURT FOR FAYETTE COUNTY,**
Defendant.

**Thomas George DeTIMMERMAN et al., Plaintiffs,**

v.

**CITY OF OELWEIN, et al.,**
Defendants.

No. 88–673.

Supreme Court of Iowa.

May 17, 1989.

Rehearing Denied May 30, 1989.

Robert J. Hearity, Oelwein, pro se.

E.R. McCann and Jim D. DeKoster of Swisher & Cohrt, Waterloo, and James R. Hellman of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for defendant district court.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

McGIVERIN, Chief Justice.

Plaintiff in certiorari, Robert J. Hearity, represented Thomas DeTimmerman and his parents, Charles and Luetta DeTimmerman, as their attorney in a lawsuit against the City of Oelwein and two Oelwein police officers in the Iowa district court for Fayette County. The court granted a motion for summary judgment by the City and the police officers to enforce a settlement. The district court, the defendant in certiorari here, then ordered sanctions against Hearity personally for exercising bad faith in signing and filing documents in the De-Timmerman lawsuit in violation of Iowa Rule of Civil Procedure 80(a). Hearity appealed, contending that the district court unlawfully ordered the sanctions and that the sanctions assessed were otherwise excessive. We treat this appeal as an application for issuance of a writ of certiorari. Iowa R.App.P. 304. Accordingly, we sustain the writ in part and annul the writ in part.

I. *Background facts and proceedings.* On May 20, 1984, two Oelwein police officers, Kevin Smith and Bob Barker, arrested Thomas DeTimmerman for public intoxication, resisting arrest, and assaulting a police officer. During the arrest, DeTimmerman was allegedly beaten by the officers. DeTimmerman's subsequent criminal trial resulted in his acquittal of all charges.

On May 16, 1985, DeTimmerman and his parents filed suit against the City of Oelwein and the two arresting officers alleging assault, false imprisonment, malicious prosecution, violation of DeTimmerman's constitutional rights, willful, wanton and reckless misconduct, intentional infliction of emotional distress, and actual malice. The DeTimmermans, who were represented by attorney Robert Hearity, sought actual and punitive damages. The defendants were served with original notice of the action.

On June 4, Hearity was contacted by counsel for the Iowa Insurance Guaranty Association (guaranty association) and was advised that the insurance company which insured the City of Oelwein and its police officers, Ideal Mutual Insurance Company, was involved in insolvency proceedings in the state of New York. Counsel orally and by letter informed Hearity that the Ideal insolvency hampered the preparation of the City's and the officers' defense. He stated that, by operation of law, proceedings in all cases which involved parties insured by Ideal were stayed until February 7, 1986. He further requested that Hearity not seek default judgments on claims on which the insolvent insurer had an obligation to defend the City or the officers. Hearity agreed not to seek such defaults.

On July 8, 1985, Hearity caused a default to be entered by the clerk of district court for $200,000 against the two police officers relative to the punitive damage counts of DeTimmermans' petition. *See* Iowa R.Civ.P. 232(b).

On July 15, counsel for the guaranty association in behalf of the two defendants filed a motion to set aside the defaults. Iowa R.Civ.P. 236. Counsel pointed out that, pursuant to Iowa Code section 515B.15, the district court action was stayed by effect of the insurer's insolvency proceeding, which was then still pending in the state of New York. Counsel also requested that the district court award attorney fees incurred in moving to set aside the defaults.

On September 4, the district court granted the motion to set aside the defaults and stayed the proceedings for sixty days. The guaranty association's request for attorney fees, however, was denied.

On December 18, Hearity again caused defaults to be entered by the clerk of court in favor of DeTimmermans; on this occasion judgment was against both the police officers and the City for $1,600,000. Once again, on January 27, 1986, the district court, after motion in behalf of defendants, set aside the defaults.

The City and the two Oelwein police officers then filed an answer and otherwise prepared for trial.

In October 1987, shortly before trial in the underlying action was scheduled, Hearity received an offer from defense counsel proposing settlement of the case for $2,000. On instruction from his clients, Hearity orally accepted this offer and notified the district court of the settlement. While this final settlement was pending, the agreement received publicity in the local newspaper. The DeTimmermans subsequently refused to sign the final settlement documents, allegedly because they were surprised to discover that a release form contained a denial of liability by the City and its officers.

Thereafter, the City and the officers amended their answer to allege that the October 1987 settlement agreement extinguished the DeTimmermans' claims. Defendants filed a motion for summary judgment to enforce the agreement. DeTimmermans, by their attorney, Hearity, filed a resistance to the motion. Defendants also filed a motion for sanctions in the form of attorney fees against DeTimmermans and Hearity. Upon hearing, DeTimmermans and Hearity argued that the release-from-liability clause, contained in the final settlement document drafted by defendants' counsel, was an additional condition not in the oral agreement; thus, their rescission was justified. The City and the officers, on the other hand, contended that DeTimmermans rescinded the agreement for an improper purpose; namely, because they were offended by the published newspaper reports.

The district court granted the motion for summary judgment of the City and the officers.

In a separate order, the district court also imposed a sanction of $7,557.15 against attorney Hearity due to his conduct and filing of documents in taking the two defaults and resisting imposition of the final settlement. The amount of the sanction represented the expense in attorney fees to defendants in causing the two default judgments to be set aside. The district court found that Hearity acted in bad faith and for improper purposes in violation of Iowa Rule Civil Procedure 80(a) in these matters.

Although DeTimmermans did not appeal from the order granting summary judgment, Hearity appealed from the imposition of sanctions against him. Hearity now challenges the propriety of the sanctions in general and alternatively argues that the sanctions imposed against him were unjustified, excessive and an abuse of discretion.

Although the district court is the nominal defendant in certiorari, the City, Smith and Barker are the underlying defendants in interest in the present proceeding.

II. *Certiorari.* Hearity sought review of the district court's sanction order by filing a notice of appeal.

Review of a district court's order imposing sanctions is not by appeal, but rather is by application for issuance of a writ of certiorari. *See Pettes v. State,* 418 N.W.2d 53, 57 (Iowa 1988); *cf. Bush v. Iowa Dist. Court,* 369 N.W.2d 424, 425 (Iowa 1985) (certiorari proper means to review trial court order fixing attorney's fees). Nevertheless, we proceed as though the proper form of review had been sought. Iowa R.App.P. 304; *State v. Iowa Dist. Court,* 419 N.W.2d 398, 398 (Iowa 1988).

A writ of certiorari shall be granted where an inferior tribunal has exceeded its jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306; *State v. West,* 320 N.W. 2d 570, 573 (Iowa 1982). We are restricted under this procedure to sustaining the proceedings below, or annulling the proceedings wholly or in part and prescribing the manner in which either party may proceed. Iowa R.Civ.P. 316; *State v. Iowa Dist. Court,* 236 N.W.2d 54, 55–56 (Iowa 1975). We may not substitute an amended decree

or order for that of the district court. Iowa R.Civ.P. 316.

In the present case, we treat Hearity's notice of appeal from the court's sanction order as a petition for writ of certiorari. We grant the writ and now review the assignments of error in a certiorari context.

III. *District court's authority to assess attorney fees as a sanction.* It is argued that the authority of the district court to assess attorney fees as a sanction is derived from the court's inherent power and from Iowa Rule of Civil Procedure 80(a). We examine each source of authority separately to determine whether the district court acted illegally or exceeded its jurisdiction in this regard.

A. *Inherent power.* The district court has inherent power to exercise its jurisdiction, to maintain and regulate cases proceeding to final disposition within its jurisdiction, and, when necessary, to punish contempt. The court's inherent power alone, however, does not authorize the court to assess attorney fees as a sanction against a litigant or counsel.

In *Thorn v. Kelly,* 257 Iowa 719, 726, 134 N.W.2d 545, 548 (1965), we stated that

[t]he right to recover attorney fees as part of the costs does not exist at common law. They cannot be so allowed in the absence of a statute or agreement expressly authorizing it. In order that they may be so taxed the case must come clearly within the terms of the statute or agreement. Indeed the court does not have inherent power to tax costs even to the losing party.

*Accord Harris v. Short,* 253 Iowa 1206, 1210, 115 N.W.2d 865, 867 (1962) ("[I]t is well settled in this and other jurisdictions that neither a court of law nor equity has inherent power to tax [attorney fees as] costs.... The costs taxable in favor of the successful party and against the losing party are only such costs as are authorized by statute."); *see also Weaver Const. Co. v. Heitland,* 348 N.W.2d 230, 232–33 (Iowa 1984) (holding that the defendant's attorney fees were not "costs" which could be assessed against the plaintiff following

plaintiff's rejection of an offer to confess judgment); *Smith v. Board of Supervisors,* 320 N.W.2d 589, 593 (Iowa 1982) (reversing, as without authority, a district court order directing defendant county to pay privately retained counsel's attorney fees in successfully representing plaintiff clerk of court); *Dole v. Harstad,* 278 N.W. 2d 907, 911 (Iowa 1979) (holding trial court acted illegally in taxing juvenile's court appointed attorney's fees against juvenile's parents).

Because the right to recover attorney fees did not exist at common law, the power to assign the prevailing party's fees against the nonprevailing party cannot be considered "inherent" in the district court.

Neither may a district court order payment of attorney fees in the exercise of its contempt power. In *Wilson v. Fenton,* 312 N.W.2d 524, 528 (Iowa 1981), the district court found that the plaintiffs failed to perform obligations imposed under a prior decree and assessed a penalty which included a per diem fine pending performance, as well as a "fine" for the opposing party's attorney fees. In our certiorari review, we upheld the court's finding of contempt. With regard to the penalty, however, we held that the court's inherent contempt power was limited by Iowa Code chapter 665, and therefore, the district court acted illegally in assessing a penalty which exceeded those available under the Code. *Id.* at 530.

■ Thus, the district court possesses no inherent power to impose attorney fees upon a party or counsel. Such an order must be authorized by rule of this court or by statute.

B. *Iowa Rule of Civil Procedure 80(a).* Absent inherent power, the district court's only source of authority to assess attorney fees in the present context is Iowa Rule of Civil Procedure 80(a). Rule 80(a), as amended, provides in part:

Counsel's signature to every motion, pleading or other paper shall be deemed a certificate that: Counsel has read the motion, pleading or other paper; that to the best of counsel's knowledge, informa-

tion, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause any unnecessary delay or needless increase in the cost of litigation.... *If a motion, pleading, or other paper is signed in violation of this rule,* the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee....

(Emphasis added.)

We amended rule 80(a) to its present form, effective April 1, 1986, by borrowing the language relative to sanctions from Federal Rule of Civil Procedure 11. *Franzen v. Deere and Co.,* 409 N.W.2d 672, 673–74 (Iowa 1987). The amended rule is intended to discourage parties and their counsel from filing frivolous lawsuits and to otherwise deter misuse of pleadings, motions, or other court papers. *Id.* at 673. In *Franzen,* we took note of the advisory committee comment which accompanied the similar amendment to the federal rule which stated:

> Greater attention by the district courts to pleadings and motion abuses and the impositions of sanctions when appropriate should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening the frivolous claims or defenses.

*Id.* at 674 (quoting Amendments to the Federal Rules of Civil Procedure, 97 F.R.D. 165, 198 (1983)); *see* Cady, *Curbing Litigation Abuse and Misuse: A Judicial Approach,* 36 Drake L.Rev. 483, 489–507 (1986–87) (hereinafter Cady).

■ Certification by counsel under the rule involves two obligations. The first requires attorneys to certify that a reasonable inquiry has been conducted into the facts supporting the document and into the law. Cady, 36 Drake L.Rev. at 490. The second requires assurance by the attorney that the document is not interposed for improper purposes. *Id.* Each duty is independent of the other so that a breach of one constitutes a violation of the rule. *Id.* These duties imposed on attorneys by the rule have been described as "a detailed confirmation of the general duty of attorneys to the fair administration of justice." *Id.* at 501.

Appellate courts reviewing sanction orders under the federal rule have applied three separate standards: legal issues, concerning whether a violation of the rule occurred and whether sanctions were required, are reviewed de novo; to the extent factual issues are involved, the trial court's findings stand unless clearly erroneous; and in terms of the specific sanction imposed, trial courts are granted a wide degree of discretion which is not disturbed unless that discretion is abused. *See* 2A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 11.02[4] (2d ed. 1987); *Thomas v. Capital Security Serv., Inc.,* 812 F.2d 984, 989 (5th Cir.1987). These standards are in accord with our own relative to certiorari proceedings. *See State v. West,* 320 N.W.2d 570, 574 (Iowa 1982) ("As used in a certiorari action, the term 'illegally' means substantial evidence does not exist to support the findings of fact on which the lower court based its conclusions of law or, when the evidence is uncontroverted, error in interpreting the law".); *Farley v. Glanton,* 280 N.W.2d 411, 414 (Iowa 1979) ("Review of trial court discretion by certiorari is very limited, being merely to determine whether there has been an abuse thereof.").

With these standards in mind, we examine the sanctions imposed against Hearity pursuant to rule 80(a).

IV. *The propriety of the sanctions.* The district court found that, in his applications for the first and second default judgments, Hearity falsely certified that there were good grounds for making the claims and that Hearity's representations to the court when obtaining the defaults were

factually and legally untenable. Concerning the settlement dispute, the district court ruled that DeTimmermans' resistance to the enforcement of the settlement, signed by Hearity, was filed for an improper purpose and in bad faith. We shall discuss the defaults and settlement dispute separately.

A. *The two default motions.* As noted above, district courts have no inherent authority to assess attorney fees as a sanction against a litigant or counsel. Thus, Iowa Rule of Civil Procedure 80(a) was the only source of authority upon which the district court in the present action could rely in imposing the attorney fees as a sanction against Hearity. Importantly, however, the amended rule, which provided the district court's sanction power, became effective April 1, 1986, long after Hearity's action in taking the default judgments.

■ Rule 80(a), as amended, is a prospective rule which may not be applied to sanction conduct which transpired prior to its enactment. This conclusion is apparent from the language of the amended rule itself which first creates certain obligations upon those who sign court documents and then authorizes district courts to sanction the signer or represented party "[i]f a motion, pleading, or other paper is signed in violation of this rule." Further, considering that the intention of the amended rule is to discourage frivolous filings and deter misuse of the litigation process, *Franzen,* 409 N.W.2d at 673–74, retrospective application of the rule would fail to serve the rule's intention. Thus, we conclude the amended rule may not be applied to sanction conduct which transpired prior to its effective date, April 1, 1986.

The default motions and other court papers filed in relation to the defaults in the present matter were submitted prior to the effective date of our current rule 80(a). Since the rule did not apply during the default proceedings, the district court erroneously imposed on Hearity the sanction of paying defendants' attorney fees incurred in setting the default judgments aside.

Because we find the district court erroneously interpreted rule 80(a) when imposing attorney fees against Hearity concerning the default judgments, we sustain the writ of certiorari concerning this portion of the district court's order.

■ B. *The settlement dispute.* Concerning the disputed settlement of the lawsuit, the district court found the DeTimmermans' resistance documents, filed by Hearity, were signed and filed in bad faith and for an improper purpose in violation of rule 80(a). Upon review, we conclude substantial evidence supports this finding.

The final settlement negotiations were initiated by a letter from defense counsel to Hearity, dated September 30, 1987, which "in the interest of avoiding further expense" offered the DeTimmermans $2,000 to settle the lawsuit.

On October 19, Hearity and Charles and Luetta DeTimmerman, ex parte and without notice to defense counsel, appeared before the district court and advised the court that the matter had been settled. Two days later Hearity contacted defense counsel by telephone and orally accepted the $2,000 settlement offer. At that time, Hearity was advised by defense counsel that a settlement draft would be forwarded as well as a release and dismissal to be executed by the DeTimmermans. Hearity agreed to that arrangement.

On October 27, an article appeared in the Waterloo Daily Courier in which the city attorney for the City of Oelwein, who was not directly involved in nor appeared as counsel in the DeTimmerman lawsuit, was quoted as saying that "a $2,000 settlement in a $1.6 million case is just unheard of."

In a letter dated October 30, signed by Hearity and all three of Hearity's clients, Hearity notified defense counsel that, "[a]s a result of the gloating being done publicly" by the attorney for the City of Oelwein, the DeTimmermans refused to sign the settlement papers. Instead, the DeTimmermans and Hearity demanded a sum of $48,000 plus costs and expenses, an admission of liability, and an apology from all defendants "for the juvenile behavior of the city attorney of late and for the behavior which gave rise to the suit in the first place."

The DeTimmermans also requested that the terms of this counter proposal remain confidential.

Thereafter, the City and the officers amended their answer to allege compromise and settlement of the case. The DeTimmermans by their attorney, Hearity, filed a response denying that the case had been settled. They asserted that, by including a denial of liability in the release, the defendants had altered the terms of their original settlement offer; thus, DeTimmermans were relieved from any obligation they may have had to honor the settlement agreement.

Defendants filed a motion for summary judgment with appropriate papers to enforce the settlement agreement. DeTimmermans, by their attorney, Hearity, filed a resistance. In addition, defendants by separate motion sought attorney fees as a sanction for violation of rule 80(a) by DeTimmermans and Hearity.

Following hearing, the court sustained defendants' motion for summary judgment to enforce the settlement.

Relative to defendants' motion for sanctions, the district court found in its findings of fact that the DeTimmermans were humiliated by the published reports concerning the lawsuit and that their proffered reasons for refusing to sign the settlement papers were contrived in order to escape the publicized terms of the settlement agreement.

Under rule 80(a), counsel's signature on a pleading certifies that the pleading "is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." "The 'improper purpose' clause seeks to eliminate tactics that divert attention from the relevant issues, waste time and serve to trivialize the adjudicatory process." Cady, 36 Drake L.Rev. at 499. The district court found that the resistance to the settlement defense, which Hearity filed in behalf of the DeTimmermans, was interposed for an improper purpose; that is, to avenge the humiliation they felt concerning the publicity surrounding their lawsuit. Upon review, we conclude the findings of

the district court were supported by substantial evidence.

V. *The sanctions imposed.* Finally, we must consider the sanctions imposed to determine whether the court abused its discretion in this regard.

The district court assessed Hearity the amount of the attorney fees incurred by the defendants in setting aside the defaults. An examination of the record reveals that the district court was only provided evidence of the fees incurred relative to setting aside the defaults. These expenses are not subject to assessment against Hearity in light of our conclusion above that, at the times the default judgments were taken, the district court was without authority to so sanction Hearity's conduct because the amended rule 80(a) was not yet effective.

■ Concerning the settlement issue, the district court was provided no evidence concerning attorney fees incurred by defendants in enforcement of the settlement agreement. Thus, no attorney fees were assessed against Hearity for that violation of rule 80(a). We conclude, however, that the district court was well within its authority and the record to admonish attorney Hearity for his filing of papers in resistance to enforcement of the settlement agreement.

VI. *Disposition.* In conclusion, the district court lacked the authority to assess attorney fees as a sanction against Hearity for conduct which transpired prior to the effective date of amended Iowa Rule of Civil Procedure 80(a). With respect to the settlement issue, substantial evidence supported the district court's findings that enforcement of the settlement was resisted by Hearity in bad faith and for an improper purpose. Therefore, we set aside the sanctions imposed relative to the default judgments. We uphold the district court's finding that Hearity violated rule 80(a) and the court's admonition concerning his resistance to enforcement of the settlement agreement.

Costs are taxed one-half to Hearity and one-half to defendants City of Oelwein, Smith and Barker.

WRIT SUSTAINED IN PART AND ANNULLED IN PART.