The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Robert J. HEARITY, Respondent.

No. 90–565.

Supreme Court of Iowa.

Sept. 19, 1990.

Norman G. Bastemeyer and Charles L. Harrington of the Iowa State Bar Ass'n, Des Moines, for complainant.

Robert J. Hearity, Oelwein, pro se.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

This disciplinary proceeding grew out of a lawsuit in which Robert J. Hearity, the respondent, represented several plaintiffs in a suit against the city of Oelwein and two police officers. The actions that form the basis of the present complaint against Hearity revolve around two defaults he took against the defendants and his con-duct in resisting enforcement of a settlement agreement reached in the case. The Grievance Commission found that Hearity's conduct in connection with the defaults and settlement violated various provisions of the Iowa Code of Professional Responsibility for Lawyers and recommended a reprimand. Upon review, we agree with the commission's findings and recommendation and reprimand Hearity. See Iowa Sup. Ct.R. 118.10.

In the lawsuit the district court, under Iowa Rule of Civil Procedure 80(a), imposed sanctions against Hearity in connection with the defaults and settlement negotiations. Hearity petitioned for writ of certiorari to review the sanctions against him. See Hearity v. Iowa Dist. Ct., 440 N.W.2d 860 (Iowa 1989). We held that the district court lacked the authority to assess attorney fees against Hearity for taking two defaults because his actions took place before the effective date of amended Iowa Rule of Civil Procedure 80(a). Id. at 866. But we did find that substantial evidence supported the district court's findings that Hearity resisted enforcement of a settlement agreement in bad faith and for an improper purpose. Id. We upheld the court's admonition concerning Hearity's resistance to enforcement of the settlement agreement. Id.

In Hearity v. Iowa District Court we set out in detail the facts concerning Hearity's actions in taking the defaults and in resisting the enforcement of the settlement agreement. Briefly, Hearity took several defaults after he said he would not and in contravention of a statute. Hearity also aided and abetted his clients in reneging on a settlement agreement because the clients were upset about publicity given to the agreement.

Upon our review, we agree with the commission that there is clear and convincing evidence Hearity violated the following provisions of the Iowa Code of Professional Responsibility: EC 1–5 (lawyer should refrain from all illegal and morally reprehensible conduct); EC 7–4 (lawyer should refrain from asserting a position in litigation that is frivolous); EC 7–25 (lawyer should

refrain from consciously violating procedural rules); DR 1–102(A)(5) (lawyer should refrain from engaging in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (lawyer should refrain from engaging in conduct that adversely reflects on fitness to practice law); DR 7–102(A)(1) (lawyer should refrain from taking action on behalf of client when lawyer knows such action would serve merely to harass); DR 7–102(A)(2) (lawyer should refrain from advancing a claim or defense that is unwarranted under existing law).

We likewise agree with the following reasons given by the commission for its recommended sanction of reprimand:

> The commission has taken into consideration the relative inexperience of the respondent in 1985 and 1986 and has also taken into account the difficulty respondent had with his clients. It is the commission's opinion, however, that a settlement is a settlement no matter the inexperience of counsel or the passions of the client.

We reprimand Robert J. Hearity for his conduct in taking the defaults and in resisting enforcement of the settlement agreement.

ATTORNEY REPRIMANDED.