Eva Mae WEIGEL, Appellant,

v.

Philip J. WEIGEL, Appellee.

Philip J. WEIGEL, Plaintiff,

v.

IOWA DISTRICT COURT, Defendant.

No. 89–918.

Supreme Court of Iowa.

March 20, 1991.

**278**

Ann Fitzgibbons, Scalise, Scism, Sandre & Uhl, Des Moines, for appellant.

Daniel P. Ernst, Daniel P. Ernst, P.C., Dubuque, for appellee and plaintiff in certiorari, Philip J. Weigel.

Wayne A. Norman, Jr., and Dirk J. Hamel, Norman, Gilloon & Wright, Dubuque, for defendant in certiorari, Iowa Dist. Court.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER and LAVORATO, JJ.

LARSON, Justice.

Eva Weigel and Philip Weigel were divorced in 1985, and their property was divided by the court's decree. Later, Eva discovered evidence which suggested that Philip had understated his assets to the dissolution court, and she sued him for fraud. The district court dismissed the suit. In a later proceeding, the court imposed sanctions against Eva under Iowa Rule of Civil Procedure 80(a), but refused to order them against her attorneys.

Eva appealed from the dismissal of her fraud claim and from the order for sanctions. Philip "cross-appealed" from the denial of his request for sanctions against the law firm. Eva's attorneys, Norman, Gilloon, & Wright, were not parties to the underlying district court proceedings. Philip's challenge to the court's refusal to sanction them should not, therefore, be deemed a cross-appeal.

As to that part of the court's order regarding sanctions against the attorneys, we will consider the "cross-appeal" as a petition for a writ of certiorari and grant the writ. *See Hearity v. Iowa Dist. Court,* 440 N.W.2d 860, 862–63 (Iowa 1989). The arguments of Eva's attorneys, who have appeared as "cross-appellees" in the briefs, will be considered on behalf of the district court, defendant in the certiorari action.

We affirm the appeal in part and reverse it in part. We annul the writ of certiorari.

## I. *The Fraud Case.*

A. *The procedural issues.* Eva raises two procedural matters in connection with the district court's denial of her fraud claim: (1) allowing Philip to respond to requests for admission after the thirty-day period allowed by rule of civil procedure

127, and (2) denying her motion for a continuance.

■ As to the late response under rule 127, we have held that, while a party has no *right* to make a late response, it may be permitted by the court. It is a matter of trial court discretion, and we will not reverse in the absence of an abuse of that discretion. *Allied Gas & Chem. Co. v. Federated Mut. Ins. Co.,* 332 N.W.2d 877, 879 (Iowa 1983). Here, the court allowed the tardy response, in part, because of the court's own inability to rule on objections to the requests for admissions in time to avoid a delay in processing the requests. We believe this was a proper exercise of the court's discretion.

■ The second procedural issue involves the denial of Eva's motion for continuance, which she requested to allow her to complete discovery. The court denied the continuance on the ground that Eva had already had adequate time to conduct discovery. Rulings on motions for a continuance are also discretionary with the trial court, and we will interfere only when there has been a clear abuse of that discretion. *In re J.L.L.,* 414 N.W.2d 133, 135 (Iowa 1987); *Countryman v. McMains,* 381 N.W.2d 638, 640 (Iowa 1986). We believe the court was within its discretion in denying the continuance.

■ B. *The merits of the fraud case.* The fraud case was tried in equity, and our review is therefore de novo. We do, however, give weight to the fact-finding of the trial court especially concerning the credibility of witnesses. *In re Estate of Kiel,* 357 N.W.2d 628, 630 (Iowa 1984).

■ The court found that Eva was not credible, partly because of mental problems and partly because of the bitterness she had expressed toward her former husband. Also, Eva's key witness, an accountant who testified that Philip had secreted cattle, was largely discredited at trial by evidence showing that he had failed to account for

the normal culling practices in the cattle business and for the natural mortality among cattle.

We agree with the district court that Eva failed to establish her claim of fraud. We therefore affirm that part of the judgment.

## II. *The Sanction Issue.*

The district court ordered Eva to reimburse Philip for his attorney fees and costs incurred in his defense of the fraud case as a sanction under Iowa Rule of Civil Procedure 80(a). Eva appealed. Philip's "cross-appeal," which we treat as a petition for writ of certiorari, challenges the court's refusal to sanction Eva's law firm as well.[1]

Rule 80(a) provides:

Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: Counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law ...; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.... If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Although this rule is quite new to Iowa procedures, Federal Rule of Civil Procedure 11 is similar, and we look to federal cases interpreting rule 11 to aid us in our interpretation of rule 80(a). *Mathias v. Glandon,* 448 N.W.2d 443, 445 (Iowa 1989).

While we have adopted a deferential scope of review in sanction cases, *see id.* at

---

1. While it is not raised as an issue in this case, we note that, under Federal Rule of Civil Procedure 11, sanctions may not be applied against the signer's firm, but only the individual signing

attorney. *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, ——, 110 S.Ct. 456, 460, 107 L.Ed.2d 438, 445 (1989).

445, the extent of that discretion has not been a matter of agreement among appellate courts. In many federal courts under rule 11, for example, the appellate court has applied what has been referred to as a "three-tiered" review in which some matters are reviewed under substantial evidence standards and others reviewed de novo. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1337, at 135 (1990) [hereinafter Wright & Miller].

In a recent case, the Supreme Court rejected this three-tiered approach and adopted a broad view of trial court discretion as to all facets of the sanction proceeding. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In *Cooter,* the Court went so far as to hold that a district court's conclusions as to the *legal* sufficiency of the pleading, ordinarily reviewed de novo, is to be reviewed under an abuse-of-discretion standard. *Id.* at —, 110 S.Ct. at 2458, 110 L.Ed.2d at 379. The Court stated:

> The scope of disagreement over the appropriate standard of review can thus be confined to a narrow issue: whether the court of appeals must defer to the district court's legal conclusions in Rule 11 proceedings. A number of factors have led the majority of Circuits, as well as a number of commentators, to conclude that appellate courts should review all aspects of a district court's imposition of Rule 11 sanctions under a deferential standard.

*Id.* (citations omitted).

■ The Court explained the rationale for this view:

> The Court has long noted the difficulty of distinguishing between legal and factual issues. Making such distinctions is particularly difficult in the Rule 11 context. Rather than mandating an inquiry into purely legal questions, such as whether the attorney's legal argument was correct, the rule requires a court to consider issues rooted in factual determinations.

*Id.* (citation omitted). We adopt the broad abuse-of-discretion standard enunciated in *Cooter* and apply it to all facets of the

review. Of course, we will still correct erroneous application of the law in the exercise of that discretion. *See id.* at —, 110 S.Ct. at 2459, 110 L.Ed.2d at 380.

Under sanction rules such as rule 80(a), a signer must certify: (1) that he has read the petition, (2) that he has concluded after reasonable inquiry into the facts and law that there is adequate support for the filing, and (3) that he is acting without any improper motive. Iowa R.Civ.P. 80(a); Wright & Miller § 1335, at 57–58. These are referred to as the "reading, inquiry, and purpose elements." *Id.* at 58; *see also* Iowa Code § 619.19 (1989) (adopts similar certification requirements for parties as well as attorneys).

■ The "inquiry" element requires that the signer

> certify that to the best of his knowledge, information, and belief, formed after a reasonable inquiry, the pleading, motion, or other paper is (1) well grounded on the facts and (2) warranted either by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

Wright & Miller § 1335, at 59 (footnotes omitted).

■ The "reasonableness" of the attorney's inquiry into the facts and law

> may depend on such factors as the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.

*Century Prods., Inc. v. Sutter,* 837 F.2d 247, 250–51 (6th Cir.1988); *see also Cooter,* 496 U.S. at —, 110 S.Ct. at 2460, 110 L.Ed.2d at 381.

■ The reasonableness of the attorney's judgment must be viewed as of the time the paper in question was filed, not with hindsight gained through hearing the evidence at trial. *Mathias,* 448 N.W.2d at 447; *see also Century Prods., Inc.,* 837

F.2d at 251; *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536–37 (9th Cir.1986); Fed.R.Civ.P. 11 advisory committee's note, 97 F.R.D. 165, 169 (1983); Wright & Miller § 1335, at 61.

▆▆ The conduct of counsel is measured by an objective, not a subjective, standard. *Mathias*, 448 N.W.2d at 445; Wright & Miller § 1335, at 62. The test is "reasonableness under the circumstances," *Golden Eagle Distrib. Corp.*, 801 F.2d at 1536; advisory committee's note, 97 F.R.D. at 198, and the standard to be used is that of a reasonably competent attorney admitted to practice before the district court. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986).

▆▆ At the time Eva's fraud suit was filed, her attorneys' inquiry had revealed the following facts. Eva believed, through her own experience with Philip's cattle business, that Philip had understated his assets in the dissolution case by "hiding" cattle. And, after the dissolution, Eva found evidence concealed in various places around the farm and under the mat in the trunk of a car which supported that suspicion. An accountant reviewed Philip's cattle records and advised Eva and her attorneys that Philip had understated his assets by several hundred thousand dollars. Eva's attorneys contend that this was a reasonable factual basis for filing the fraud suit, and the district court apparently agreed. We believe that, under the principles discussed above, this was a proper exercise of the court's discretion.

As to the attorneys' inquiry into the legal basis for the suit, Philip contends that the prior dissolution hearing had disposed of Eva's claim concerning Philip's alleged hiding of assets and that issue was therefore res judicata. The attorneys responded that the fraud case was not precluded by the prior dissolution action because, under Iowa Rule of Civil Procedure 252(b), a final judgment may be modified if it was procured by fraud. *See In re Marriage of Heneman*, 396 N.W.2d 797, 800 (Iowa App. 1986).

The trial court did not express a view on the preclusion issue but apparently rejected it. It stated:

Considering a lawyer's duty to represent a client zealously within the bounds of the law, the action taken by [Eva's] attorneys [was] permissible. The theory of recovery presented by them had an arguable basis for support in the facts, and their legal theories were clearly supported by the law. Under the circumstances, they did not violate rule 80(a) of the Iowa Rules of Civil Procedure. Ethical Consideration 7–4 of the Iowa Code of Professional Responsibility provides that an advocate may urge any permissible construction of the law favorable to his client, without regard to his professional opinion as to the likelihood that the construction will ultimately prevail. The same is true where there are mixed questions of law and fact as in this case.

Under this reasoning, the court denied sanctions against Eva's attorneys, and we believe this also was within its discretion.

The court did, however, order sanctions against Eva herself. The court's rationale in applying sanctions against Eva is briefly stated in its sanction order:

My impressions of the Petitioner as not being completely rational during the trial of this case is limited to matters involving Philip Weigel. It appears that the intensity of her hatred and spite of Philip Weigel are so great as to distort her perception of matters involving him.

In the court's earlier ruling in the fraud case, it expressed a similar observation:

Several times while the dissolution action was pending in 1984 Eva told Philip that she would spend $100,000.00 to keep him from getting a penny of their assets.

This [fraud] action was initiated by Eva to carry out her promise. Her verified Petition in equity filed in this case on January 14, 1988 was interposed for the purpose of harassing Philip Weigel and causing him to incur costs of litigation. Under the circumstances Eva should be required to pay Philip reasonable expenses incurred, including a reasonable attorney fee.

None of our cases interpreting rule 80(a) have dealt with sanctions imposed upon clients. Although *Hearity*, 440 N.W.2d at 862, mentioned an initial claim for sanctions against a client, none was ordered by the district court, and we did not discuss that issue on appeal.

One of the primary goals of rule 80(a) and similar rules is to maintain the high degree of professionalism in the practice of law. *See* Wright & Miller § 1334, at 56 (rule "reminds attorneys that their role as an advocate does not supersede their role as an officer of the court"). It has also been noted that one purpose of federal rule 11 is "to deter conduct that does not meet a certain level of professionalism...." *Id.* at 57. These expressions of principle suggest that sanction rules such as rule 80(a) are aimed primarily at attorney conduct.

■ At this point, we should note substantial differences between federal rule 11 and Iowa rule 80(a) as they respect sanctions against parties. Federal rule 11 prescribes duties of "signers" to investigate the facts and the law in connection with proposed actions, while Iowa rule 80(a) imposes such duties only on "counsel." While Iowa Code section 619.19 (1989) imposes objective duties of investigation upon clients as well as counsel, that section has not been implicated in this case.

The differences between Iowa's rule 80(a) and federal rule 11 are illustrated by the recent Supreme Court case of *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, —— U.S. ——, ——, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140, 1153 (1991), which held that "signers" who are required by federal rule 11 to make legal and factual inquiries prior to filing, include clients as well as counsel. Rule 80(a), of course, imposes the duties of investigation only upon "counsel."

As already noted, the district court ruled, in denying sanctions against Eva's attorneys, that the fraud suit was justified under the law and the facts. Nevertheless, the court sanctioned Eva. But may a party be sanctioned for filing a proper lawsuit because her motives were *im*proper?

It has been noted that

[i]n the context of sanctioning represented parties, the courts seem to demand that the client be personally aware or be directly responsible for the improper action, thereby imposing a heavier burden of proof on the party seeking sanctions. In effect, some of the courts appear to be requiring a showing of subjective bad faith on the part of the parties. Other courts, however, have applied an objective test to the conduct of both parties and attorneys.

Wright & Miller § 1335, at 88 (footnotes omitted). In *Zaldivar*, 780 F.2d at 830, the court discussed the question of sanctioning a client who had brought a proper lawsuit. In that case, the district court had imposed sanctions on the client because it found the client had brought the action for improper motives. The court of appeals reversed on the ground that "the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness." *Id.* A similar rule has been followed in other cases. *See, e.g., Jennings v. Joshua Indep. School Dist.*, 877 F.2d 313, 320 (5th Cir.1989) (complaint which meets "well-grounded" requirement of rule 11 cannot be the subject of sanctions regardless of plaintiff's subjective intent); *National Ass'n of Gov't Employees, Inc. v. National Fed'n of Fed. Employees*, 844 F.2d 216, 223–24 (5th Cir.1988) (same).

We believe this rule is sound. As a practical matter, if the rule were otherwise, actions such as dissolutions would provide endless work for courts in sorting out the sanctions possible in such emotionally charged and often acrimonious actions. While a party who intentionally misleads an attorney or who knows for other reasons that the action is improper may be subjected to sanctions, *see* Wright & Miller § 1335, at 88, there is no showing that Eva believed any of the evidence was false or that the action was otherwise improper.

We believe that sanctioning Eva solely for her improper motives in filing the lawsuit was an erroneous application of the law, *Cooter*, 496 U.S. at ——, 110 S.Ct. at 2459, 110 L.Ed.2d at 380. Accordingly, we reverse the district court's entry of judg-

ment against Eva for the attorney fees and costs under rule 80(a) and remand for dismissal of the action as it pertains to sanctions. As to the certiorari action challenging the refusal of the court to sanction Eva's attorneys, we annul the writ.

The cost of printing the appendix, which we find to be overinclusive, shall be paid by Eva pursuant to Iowa Rule of Appellate Procedure 15(b). The balance of the costs shall be paid one-half each by Eva and Philip.

APPEAL AFFIRMED IN PART AND REVERSED IN PART; WRIT ANNULLED.