Kerri G. **STERNER**, Appellant,

v.

Robert C. **FISCHER**, Appellee.

No. 92–1388.

Supreme Court of Iowa.

Aug. 25, 1993.

David Scieszinski, Wilton, for appellant.

Therese M. Sizer of Betty, Neuman & McMahon, Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

LARSON, Justice.

Kerri G. Sterner filed suit against Robert C. Fischer for damages arising out of an automobile accident. Attorney David Scieszinski represented the plaintiff. Following a jury trial, a judgment was entered on behalf of the plaintiff, but that judgment is not at issue on this appeal. At issue is a district court order, entered nearly a year earlier, which imposed sanctions against Scieszinski for violating a local court rule. We conclude that the appeal, which we consider as a petition for certiorari, was untimely and must be dismissed.

The seventh judicial district has a rule, No. 7.1, that requires the personal attendance of parties, as well as their lawyers, at any settlement conferences unless excused by the settlement conference judge. There was a settlement conference in this case, but attorney Scieszinski did not secure the attendance of his client, the plaintiff. Scieszinski had obtained permission of a district judge for the plaintiff to be absent from the conference, but the judge was not the one assigned to the settlement conference. The settlement conference was unproductive. The defendant claimed this was due in part to Scieszinski's failure to secure the attendance of his client in order to authorize a compromise.

The defendant requested sanctions against Scieszinski for violating rule 7.1 and causing additional expenses to the defendant in the form of attorney fees. The court agreed and entered an order on August 21, 1991, assessing attorney fees of $249.28 against Scieszinski. No sanction was ordered against the plaintiff.

The case proceeded to trial, and the resulting judgment was entered on July 29, 1992. The defendant did not appeal from that judgment; however, Scieszinski appealed the sanction order that had been entered approximately eleven months earlier. Scieszinski claims that (1) the district court lacked authority to sanction him under rule 7.1 because that rule provided for no sanctions; (2) the rule itself was invalid insofar as it required the personal attendance of the party because it conflicted with Iowa Rule of Civil Procedure 136; and (3) in any event, he substantially complied with rule 7.1 by securing the permission of a judge, even though not the settlement conference judge. We requested the parties to address the question of our jurisdiction, and the parties responded.

When an attorney is sanctioned for violation of Iowa Rule of Civil Procedure 80(a), we have held that the remedy is certiorari, not appeal. *Weigel v. Weigel,* 467 N.W.2d 277, 278 (Iowa 1991); *Hearity v. Iowa Dist. Court,* 440 N.W.2d 860, 862–63 (Iowa 1989). This is because the attorney is not a party to the underlying case and is unaffected by a final judgment in it. *See Weigel,* 467 N.W.2d at 278. We apply the same rule in this case, even though the sanction was not under rule 80(a). Accordingly, we consider the notice of appeal as a petition for a writ of certiorari. *See Hearity,* 440 N.W.2d at 862; Iowa R.App.P. 304.

Considered as a certiorari action, Scieszinski's challenge to the sanction is not timely because his "notice of appeal" was not filed within thirty days of the sanction order. We therefore have no jurisdiction to consider it. *See* Iowa R.Civ.P. 319 (petition for certiorari to be filed within thirty days following act in question).

**APPEAL DISMISSED.**