## IN THE COURT OF APPEALS OF IOWA

No. 12-1985
Filed July 30, 2014

**CITY OF BURLINGTON, IOWA,**
        Plaintiff-Appellee,

**vs.**

**S.G. CONSTRUCTION CO., INC.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Cynthia Danielson, Judge.

A general contractor appeals the denial of its request for sanctions against the City of Burlington and its attorneys. **AFFIRMED.**

James A. Hales of Law Offices of James A. Hales, P.L.L.C., Burlington, for appellant.

W. Scott Power and Brent Ruther of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

This appeal raises the question whether a city or its attorneys should be sanctioned under Iowa Rule of Civil Procedure 1.413(1) for filing a lawsuit against a general contractor—before attempting to mediate the city's claim—when the standard construction contract entered by the parties required mediation as a condition precedent to instituting legal proceedings. The district court denied a request by S.G. Construction for sanctions, finding the attorneys for the City of Burlington did not bring the suit for a malicious or improper purpose. In the same ruling, the court found a question of material fact regarding S.G.'s waiver of its right to mediate. Finding no abuse of discretion in the court's denial of sanctions, we affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS

In October 2004, the City entered into a contract with S.G. Construction to design and construct a geothermal heating and cooling system for the public library. The project was substantially completed in November 2006. In November 2010, the system developed a crack resulting in the leaking of all liquid, including a twenty percent glycol solution.[1] The librarian notified S.G. of the problem and S.G. contacted its subcontractors to make the repairs in January 2011, pursuant to the contract's five-year warranty. But the glycol was not replaced because of disagreements about responsibility for the rupture. The library reported eventually spending nearly $24,000 to replace the lost glycol solution.

---

[1] During a hearing before the district court, the city attorney described the glycol solution as serving the same purpose for the geothermal system as anti-freeze in a car radiator.

In December 2011, the city attorney sent a letter addressed to S.G. and two subcontractors demanding payment of $24,000 for the glycol replacement and other costs. The city attorney received no response to that letter.

On May 8, 2012, the city attorney filed a breach of contract and breach of warranty action against S.G. to compensate the library for damages sustained as a result of the leak in its geothermal system. Following the filing, the parties communicated with each other. S.G.'s attorney sent a letter to the city attorney on May 16, 2012, asserting commencement of the litigation was "premature" as their contract required the parties to undertake mediation as a condition precedent to the "institution of legal or equitable proceedings." S.G. requested that the City dismiss the lawsuit.

Two days later, the city attorney responded, writing:

> [Y[our suggestion to take this matter to mediation is an excellent one, especially in view of the amount involved. Because of the statute of limitations issue, I will not agree to dismissing the lawsuit now on file unless S.G., and perhaps the two subcontractors, execute a document waiving each entity's right to impose a statute of limitations defense in the event the matter eventually ends up in litigation. In the alternative, and perhaps more practical, you could simply enter an appearance on behalf of S.G. and we could mutually agree to a court approved stay of the proceedings until we have had a chance to explore other dispute resolution options.

On May 22, 2012, S.G.'s attorney responded by suggesting the name of a mediator, but reiterating the company's demand the City dismiss the lawsuit so it would not be able to create "some sort of leverage or other strategic advantage" in the mediation. S.G.'s attorney stated he did not understand the City's basis for requesting a waiver of any statute of limitations defense, asserting the City was

not facing any kind of deadline for filing its suit. The city attorney wrote back on May 31, 2012, again expressing the City's willingness to engage in "some form of alternative dispute resolution" but refusing to dismiss the lawsuit.

On June 15, 2012, the City filed a notice of intent to file a written application for default based on S.G.'s failure to respond to the initial petition. On June 26, 2012, S.G. responded with a motion to dismiss for failure to state a claim and for sanctions against the City and/or its attorneys for violating the contract terms by initiating legal proceedings before mediating the claim. S.G. requested the sanctions take the form of reasonable attorney fees as reimbursement for responding to the petition. The City resisted the dismissal motion and request for sanctions on July 9, 2012.

The district court held a hearing on S.G.'s motion to dismiss on July 16, 2012, and denied the motion by order the same day.

S.G. filed an answer to the petition on July 24, 2012. That same day, S.G. filed a motion for summary judgment and renewed its request for sanctions against the City and its attorneys. The City resisted. The court held a hearing on the summary judgment motion on September 4, 2012.

On October 5, 2012, the district court denied summary judgment, finding "an issue of material fact with regard to whether the defendant waived its right to mediate as a condition precedent; that is whether the defendant was at fault for not allowing an alternative dispute resolution method to go forward." The court also denied S.G.'s request for sanctions, concluding "the plaintiff did not engage in any malicious conduct with the intent to put the defendant at a disadvantage,

waste judicial resources, or bring the suit for an improper purpose in violation of Iowa Rule of Civil Procedure 1.413(1)."

The court stayed the proceedings on October 29, 2012. S.G. sought permission to bring an interlocutory challenge to the denial of summary judgment and sanctions. The supreme court granted interlocutory appeal on March 1, 2013. On April 22, 2013, the City dismissed the underlying action with prejudice.[2] The supreme court transferred the remaining question concerning the propriety of sanctions under rule 1.413(1) to our court.[3]

## II.   SCOPE AND STANDARDS OF REVIEW

Iowa appellate courts have adopted a deferential scope of review in sanction cases. *Weigel v. Weigel*, 467 N.W.2d 277, 279 (Iowa 1991). We review the district court's decision whether to impose sanctions for abuse of discretion. *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009). While our review is for abuse of discretion, we still may correct erroneous applications of the law. *Id.* If the pleading is signed in violation of rule 1.413, the court is required to impose an appropriate sanction. *Id.* We will be bound by the district court's denial of sanctions if that decision is supported by substantial evidence. *Id.*

To decide if a pleading is sanctionable, we examine the facts at the time the party filed the pleading. *Weigel,* 467 N.W.2d at 280–81. We apply the standard of a reasonably competent attorney admitted to practice before the

---

[2] The city asserts in a footnote to its appellee's brief that the dismissal was "purely a business decision" by the library board. That information is outside the record and not properly before us. We do not consider the reason for the dismissal as relevant to the resolution of this appeal.

[3] Iowa courts retain jurisdiction to impose sanctions even after a voluntary dismissal. *See Lawson v. Kurtzhals*, 792 N.W.2d 251, 260 n.4 (Iowa 2010).

district court. *Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 493 (Iowa 2009). This test is objective, measured by all the circumstances. *Id.* As rule 1.413 is based on Federal Rule of Civil Procedure 11, we look at federal decisions applying rule 11 for guidance. *Barnhill*, 765 N.W.2d at 273.

## III. ANALYSIS

S.G. argues sanctions against the City[4] are mandatory under rule 1.413 because the city attorneys knew the library's contract for the geothermal system required mediation of claims before starting legal proceedings, but they did not wait to file suit. S.G. asks for sanctions in the amount of $6175 to cover its litigation costs. Because S.G.'s sanctions claim is part and parcel of the City's alleged non-compliance with the mediation requirement of the contract, we turn first to those provisions.

### A. The Contract Clauses

S.G. and the library entered a construction contract on a standard form of agreement drafted by the American Institute of Architects (AIA).[5] The mediation provision stated:

> 4.5.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect . . . shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to

---

[4] When we refer to sanctions against the City, we intend the reference to include the city attorneys because S.G.'s request for sanctions incorporates both counsel and the represented party as mentioned in rule 1.413.

[5] Parties engaging in construction projects commonly use form contracts drafted by the AIA. *See PIH Beaverton, LLC v. Super One, Inc.*, 323 P.3d 961, 967 (Or. 2014); *see also Travelers Cas. & Sur. Co. of America, Inc. v. Long Bay Mgmt.*, 792 N.E.2d 1013, 1017 n.13 (Mass. App. Ct. 2003) (referring to AIA form documents as "scripture in the construction industry").

arbitration or the institution of legal or equitable proceedings by either party.

The following provision stated:

4.5.2 The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

Paragraph 4.5.1 establishes mediation of a claim as a condition that must occur before a legal proceeding is initiated. But paragraph 4.5.2 contemplates a situation where a legal proceeding, once initiated, may be stayed pending completion of mediation.

In this case, neither party requested mediation and the parties did not engage in any form of alternative dispute resolution before the city initiated the lawsuit. S.G. argues on appeal "it is axiomatic that the condition precedent must be satisfied before litigation is commenced." Because the condition was not satisfied before the city filed suit, S.G. contends sanctions are required.

The district court acknowledged: "[T]he contract clearly makes mediation a condition precedent before a party may file suit in court." But the court then introduced the concept of waiver: "[U]nless the defendant waived the right to enforce this condition precedent by not allowing mediation to go forward, the parties must attend mediation and arbitration before this Court may hear the

case." In denying S.G.'s motion for summary judgment, the court decided "viewing the facts in the light most favorable to the non-moving party," that an issue of material fact existed whether S.G. waived its right to mediation as a condition precedent to the City filing suit.[6]

S.G. bristles at the notion it waived its right to mediate by not responding to the city's December 2011 communication: "[T]he demand letter contains no mention of mediation and a lack of a response by S.G. is not evidence of any actual intention to relinquish the right to have the dispute mediated prior to a lawsuit being filed."

Because the city dismissed the underlying suit, we are not called to decide if the district court was correct in denying the summary judgment motion. But we do find the court's reasoning on the waiver issue to be a useful backdrop as we assess whether the city attorneys performed with reasonable competence in filing the petition for breach of contract and warranty before attempting to mediate the library's claims against S.G. At this point, the analysis must move to the civil procedure rule governing sanctions.

**B. Iowa Rule of Civil Procedure 1.413**

In addition to denying summary judgment, the district court ruled the City did not violate rule 1.413. That rule states in pertinent part:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well

---

[6] In its resistance to the motion for summary judgment, the City asserted S.G. waived its right to demand mediation or arbitration by ignoring the City's pre-suit demand letter of December 19, 2011.

> grounded in fact and is warranted by existing law or a good faith
> argument for the extension, modification, or reversal of existing law;
> and that it is not interposed for any improper purpose, such as to
> harass or cause an unnecessary delay or needless increase in the
> cost of litigation. . . . If a motion, pleading, or other paper is signed
> in violation of this rule, the court, upon motion or upon its own
> initiative, shall impose upon the person who signed it, a
> represented party, or both, an appropriate sanction, which may
> include an order to pay the other party or parties the amount of the
> reasonable expenses incurred because of the filing of the motion,
> pleading, or other paper, including a reasonable attorney fee.

Iowa R. Civ. P. 1.413.

The rule aims to discourage parties and counsel from filing frivolous suits and to otherwise deter misuse of pleadings. *Hearity v. Iowa Dist. Ct.*, 440 N.W.2d 860, 864 (Iowa 1989). As such, sanctions serve the primary purpose of deterrence and not compensation. *Rowedder v. Anderson*, 814 N.W.2d 585, 589 (Iowa 2012). "The improper purpose clause seeks to eliminate tactics that divert attention from the relevant issues, waste time, and serve to trivialize the adjudicatory process." *Hearity*, 440 N.W.2d at 866 (internal quotations omitted). We may find a violation of the rule even if counsel did not act with bad faith or malice. *Barnhill*, 765 N.W.2d at 273. Litigation abuse caused by negligence or professional incompetence is also cause for sanction. *Id.*

In deciding if an attorney has acted with reasonable competence, we will consider the amount of time available to investigate the facts and research the legal issues, the complexity of the issues, the plausibility of the claims asserted, the clarity or ambiguity of existing case law, and the extent to which facts may not have been readily available to the attorney signing the filing. *Id.*

The concern here is not the city attorneys' investigation of the facts of S.G.'s alleged breach of contract or warranty. Instead, S.G. is critical of their legal interpretation of the mediation clause in the AIA form contract. S.G. argues the city attorneys understood the implications of requiring mediation as a condition precedent, but nevertheless prematurely filed suit to command an upper hand in the dispute resolution process.

The City counters that sanctions are not appropriate because its petition for breach of contract and warranty claims was "well grounded in fact and warranted by existing law." The City also invokes the Iowa Arbitration Act as an antibody to sanctions. It contends Iowa Code section 679A.2 (2011) "anticipates that where two parties have a contractual dispute relating to a contract containing a mandatory arbitration clause, that one party may file suit without demanding arbitration and the other party may or may not exercise its right to demand arbitration."

We are skeptical about the City's reliance on the Iowa Arbitration Act, at least under the circumstances at issue here. The City has not established chapter 679A would trump the contract provisions requiring mediation as a condition precedent to either litigation or arbitration, especially where neither party demanded arbitration. Accordingly, we do not consider the city's citation to that chapter as contributing to the reasonableness of the decision to file suit before attempting to mediate the glycol dispute.

But we do believe that a reasonably competent attorney could have viewed S.G.'s silence in the face of the city's demand letter as a potential waiver

of the right to mediate. The December 19, 2011, letter—while not mentioning mediation or any other form of alternative dispute resolution—did assert the city attorneys advised their client "that should a final, informal settlement of this matter not be negotiated, the next step is to file a formal lawsuit." It would have been best practice for the City to ask for mediation specifically or remind S.G. of the conditions required under the contract in that demand letter; but we do not believe the failure to do so warrants imposition of sanctions.

The district court found enough evidence to allow the waiver issue to proceed to a fact finder. The court also stated: "[I]f the fact finder determines that the defendant did not waive its right to mediation, then it will be appropriate for this Court to retain jurisdiction and stay the case," pending the satisfaction of the contract's conditions precedent.[7] The language in Article 4.5.2 suggests, at least in some circumstances, such a stay would be appropriate pending mediation. If it is appropriate to stay the legal proceedings while the parties mediate the claim, the original filing of the suit before mediation does not signal the kind of legal incompetence or gamesmanship that would violate rule 1.413.

Even if dismissal was the appropriate remedy pending mediation, we are not convinced the City's original filing of the lawsuit violated rule 1.413. Iowa does not have case law interpreting the mediation language in the AIA form

---

[7] Jurisdictions are split on the proper course of action when a suit is filed without fulfilling the condition precedent of alternative dispute resolution. *Compare Tattoo Art, Inc. v. Tat Int'l*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (finding dismissal was warranted when party failed to mediate a dispute pursuant to a contract making mediation a condition precedent to filing a lawsuit) *with Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (finding proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright).

contract. Accordingly, the city attorneys did not have precedent to guide them on what a party needed to do to request mediation or what constituted waiver of the right to mediate. Indeed, S.G. contends in its routing statement that this case presents an issue of first impression concerning the enforcement of the mediation clause.

The district court determined the City did not engage in malicious conduct with the intent to place S.G. at a disadvantage or to waste judicial resources. That determination rested upon and was informed by the court's familiarity with the case, the parties, and the attorneys—a familiarity we do not share. *See O'Connell v. Champion Int'l. Corp.*, 812 F.2d 393, 395 (8th Cir. 1987) (finding trial court's determination deserved "substantial deference"). "The imposition of sanctions is a serious matter and should be approached with circumspection." *Id.* The district court's decision to deny sanctions was "not so far out of bounds as to justify our coming to a different conclusion at the appellate level." *See id.*

**AFFIRMED.**