Timothy SPROUS, Plaintiff,

v.

**IOWA DISTRICT COURT FOR LEE COUNTY, Defendant.**

No. 97–791.

Supreme Court of Iowa.

June 3, 1999.

Patrick Ingram and Janice B. Binder of Mears Law Office, Iowa City, for plaintiff.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

HARRIS, Justice.

In 1986, taking federal rule of civil procedure 11 as our model, we authorized the imposition of sanctions on those filing frivolous lawsuits. Iowa rule of civil procedure 80(a) authorizes sanctions against attorneys (or others) who misuse judicial process by such filings. Rule 80(b) extends this authority by authorizing courts to stay proceedings brought by nonattorney parties who have abused judicial process by unmeritorious filings three or more times during the previous five years.

Timothy Sprous, plaintiff in this certiorari proceeding, was nineteen years old when he entered prison in 1995. The following year he filed eight postconviction proceedings in district court after unsuccessful challenges to imposition of prison discipline. All eight were dismissed because in each instance Sprous had failed to exhaust his administrative review remedy through the prison system. There is no complaint against the dismissals; the four cases directly implicated here were in fact

dismissed by Sprous' newly appointed counsel on discovering the exhaustion problem. The challenge rather is to the court's application of rule 80(b) when it ordered that Sprous be listed in a registry of those prohibited from bringing suit without first advancing costs. We readily agree with Sprous' assertion that—on these facts—failure to exhaust an administrative remedy does not render a suit frivolous under rule 80(b). We therefore sustain the writ.

The district court first entered notice of intent to dismiss all eight postconviction proceedings, noting that Sprous' postconviction relief applications did not indicate exhaustion of administrative remedies. Counsel, newly appointed for Sprous in four of the cases, promptly filed motions to dismiss. He admitted the lack of exhaustion, but requested that Sprous not be listed in the registry. Counsel noted that Sprous, who had been acting pro se, was unfamiliar with the procedure for administrative appeal of disciplinary sanctions.

The district court dismissed the postconviction actions and simultaneously entered a separate order concluding the actions were frivolous within the meaning of rule 80(b). The order directed the clerk to enter Sprous on a frivolous-suit register. We understand this register to constitute a bar for those there listed from filing suit in district court without advancing costs. We granted a writ of certiorari to consider Sprous' challenge to being so listed.

■ I. At first blush one might question the appropriateness of certiorari for our review of rule 80 sanctions. We have repeatedly noted that we accord broad discretion in the matter. *See, e.g., Alden v. Iowa Dist. Ct.,* 479 N.W.2d 318, 320 (Iowa 1992). Authority can be found that certiorari will not lie to review discretionary rulings. *See* 14 Am.Jur.2d *Certiorari* § 20 (1964). But our rule is clear that certiorari is the proper vehicle to seek review of trial court determinations on rule 80 matters. *Hearity v. Iowa Dist. Ct.,* 440 N.W.2d 860, 862 (Iowa 1989). We sustain

the writ when we find the district court acted without authority. *Id.* This tracks with our long-held view that certiorari is appropriate to review claims that a district court has exceeded its discretion. *State ex rel. Fletcher v. Iowa Dist. Ct.,* 213 Iowa 822, 831–32, 238 N.W. 290, 294–95 (1931). We think the proper focus is not on whether the challenged ruling was discretionary, but rather whether it was judicial in nature (quasi-judicial also qualifies). *Buechele v. Ray,* 219 N.W.2d 679, 681 (Iowa 1974); *see* 14 C.J.S. *Certiorari* § 9 (1991) (exercise of judgment or discretion is not the criterion to determine whether it is or is not judicial and thus appropriate for certiorari).

So our task is to determine whether the district court exceeded its authority or discretion in the challenged ruling. For the reasons that follow we think it did.

■ II. Although Sprous suggests additional challenges, it is necessary—and we think therefore appropriate—for us to consider only one. We cannot understand how Sprous' failure to exhaust his administrative remedies rendered his suits frivolous. It is of course axiomatic that courts will not undertake judicial review of controversies initiated in administrative tribunals until a matter has been fought to the very end there. *Pro Farmer Grain, Inc. v. Iowa Dep't of Agric.,* 427 N.W.2d 466, 469 (Iowa 1988) (courts should not interfere until agency has completed its task). Failure to exhaust an administrative remedy is an impediment we often encounter. It routinely leads to dismissal, which was the initial, the correct, and the wholly adequate result here.

If a party repeated such filings after learning of the exhaustion requirement it might qualify as frivolous. The high number of cases (eight) is a factor in assessing how much vexation is implicated. But, under the circumstances here, the eight amounted to just one experience, apparently the first such experience for this nineteen-year-old prisoner so that it can-

not be said to be repetitious. We constantly dismiss proceedings on the exhaustion basis when judicial review is sought, not only by pro se prisoners, but by attorneys who should know better. We think that to call these cases frivolous solely on such a basis was unauthorized and exceeded the district court's discretion.

This holding should not be taken as a watering down of rule 80. We emphasize our continued satisfaction with the rule, and note again the manifest need for it in order to address the cases that continue to stagger our courts. *See* Carol C. Knoepfler, *Divining an Approach to Attorney Sanctions and Iowa Rule 80(a) Through an Analysis of Federal and State Civil Procedure Rules*, 72 Iowa L.Rev. 701 (1987). We hold only that, under the circumstances here, failure to exhaust the administrative remedies did not render the judicial review proceedings frivolous. The trial court acted without authority to dismiss them on such a basis. The case must be remanded to district court with direction to strike Sprous' name from the registry.

**WRIT SUSTAINED.**