# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2440

_____

Frank Malave,                                    *
                                                 *
                    Appellant,                   *
                                                 *   Appeal from the United States
          v.                                     *   District Court for the Western
                                                 *   District of Missouri.
Bill Hedrick, Warden;                            *
U. S. Parole Commission,                         *          [UNPUBLISHED]
                                                 *
                    Appellees.                   *

_____

Submitted:  October 12, 2001

Filed:  November 6, 2001

_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

        Federal inmate Frank Malave appeals the district court's[1] order dismissing his
28 U.S.C. § 2241 petition and denying him leave to proceed in forma pauperis (IFP).
We affirm the dismissal of his petition.

_____

        [1]The Honorable Dean Whipple, Chief Judge, United States District Court for
the Western District of Missouri, adopting the report and recommendation of the
Honorable James C. England, Magistrate Judge for the Western District of Missouri.

Before reaching the merits, we consider whether, in light of the Prison Litigation Reform Act (PLRA), Mr. Malave must pay the appellate filing fee. Focusing on the unique nature of habeas corpus and on Congress's intent when it enacted the PLRA, we now join our sister circuits in holding that the PLRA's filing-fee provisions are inapplicable to habeas corpus actions. See Blair-Bey v. Quick, 151 F.3d 1036, 1040 (D.C. Cir. 1998) (habeas is "unique creature of the law"); Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998) ("habeas claims involve someone's liberty, rather than mere civil liability"); Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997) ("We seriously doubt that Congress would have purposed to narrow the habeas gateway in so restrictive a manner without some explicit reference to that effect."); Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997) (Congress promulgated PLRA to curtail prisoner tort, civil rights, and conditions litigation, not filing of habeas petitions).

As to the merits, Mr. Malave filed this section 2241 petition in September 2000, alleging the Commission had violated his due process rights by holding him in custody for a parole violation without affording him a preliminary hearing or a revocation hearing. The underlying facts are not disputed. Mr. Malave was arrested on September 15, 1992, while on federal parole, for using a dangerous weapon against a federal agent. On October 8 the U.S. Parole Commission (the Commission) obtained a parole-violator warrant under 18 U.S.C. § 4213[2] and placed a detainer on Mr. Malave. On October 27 he was indicted on drug charges and in May 1993 he was sentenced to 240 months imprisonment and ten years supervised

---

[2]The provisions of Title 18, Chapter 311, the Parole Commission and Reorganization Act of 1976 (18 U.S.C. §§ 4201-4218), were repealed by the Comprehensive Crime Control Act of 1984, see Pub. L. No. 98-473, Title II, § 218(a)(5), 98 Stat. 1837, 2027 (1984), but under the Parole Commission Phaseout Act of 1996, remain in effect for fifteen years as to any individual who committed an offense before November 1, 1987, see Pub. L. 104-232, § 2(a), 110 Stat. 3055 (1996). Mr. Malave's original offense falls within the applicable time period.

release upon his guilty plea to a drug offense. In July, the Commission added the drug offense to the parole-violator warrant application. Following a dispositional review in July 1994 the Commission let the detainer stand and in July 1997 affirmed its decision and informed Mr. Malave that he would be given a parole-revocation hearing upon execution of the warrant at the end of his drug sentence.

In the instant petition, Mr. Malave complained that the Commission had neglected to grant him a preliminary or revocation hearing on time. Specifically, he asserted that 28 C.F.R. § 2.47(a) and (b) limit the Commission's ability to lodge a warrant as a detainer to instances when a parolee is currently serving a "new federal sentence."[3] Mr. Malave argued that from September 1992 to May 1993 he was not serving a "new federal sentence" but was awaiting a potential new sentence, and thus the Commission was required to execute its warrant and to timely resolve the revocation. The district court denied relief and this appeal followed.

The Commission's actions are reviewable to determine whether they are unconstitutional or exceed the scope of the Commission's authority. See Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1184 (8th Cir. 1990). The Commission did not violate Mr. Malave's constitutional rights, because he has no liberty interest in a prompt revocation hearing when he was never taken into custody on a parole-violator warrant. See Moody v. Daggett, 429 U.S. 78, 86-89 (1976) (federal parolee imprisoned for crime committed while on parole was not constitutionally entitled to prompt revocation hearing where Commission issued and lodged parole-violator warrant with parolee's confining institution but did not execute it by taking him into custody). Significantly, Mr. Malave remains in custody based on his guilty plea to

---

[3]The regulations provide in relevant part that when a parolee is serving a new sentence in a federal, state, or local institution, a parole-violator warrant may be placed against him as a detainer. If the prisoner is serving a "new federal sentence," the Regional Commissioner, following a dispositional record review, may withdraw the warrant or let it stand as a detainer.

a drug offense, and his assertions of prejudice from the lack of an immediate revocation hearing are insufficient to justify an immediate hearing under the Due Process Clause. Further, Mr. Malave does not direct us to anything in section 2.47 (or in any other regulation) that prohibits the Commission from lodging a detainer against a federal parolee in custody with new federal criminal charges pending. His argument is hypertechnical given that any error could be cured by issuing a supplemental warrant and detainer after sentencing on the new charge. In these circumstances, we cannot say that the Commission exceeded its statutory authority.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-