# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3706

_____

Jesus Carmona,                                      *
                                                   *
                   Appellant,                       *      Appeal from the United States
                                                   *      District Court for the
         v.                                         *      District of Minnesota.
                                                   *
State of Minnesota; Sheriff Dick Ross,              *           **[UNPUBLISHED]**
                                                   *
                   Appellees.                       *

_____

Submitted:  December 21, 2001
Filed:  January 16, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Louisiana inmate Jesus Carmona appeals the dismissal of his habeas corpus petition challenging his extradition from Minnesota to Louisiana.  The district court[1] dismissed the petition without prejudice because the court lacks personal jurisdiction over Carmona's Louisiana custodian.  We deny a certificate of appealability and dismiss the appeal.

_____

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, adopting the report and recommendations of the HONORABLE E. S. SWEARINGEN, United States Magistrate Judge for the District of Minnesota.

Although Carmona petitioned for relief under 28 U.S.C. § 2241, as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254 and therefore must obtain a certificate of appealability. See 28 U.S.C. § 2253; Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). A habeas petitioner must be "in custody" within the meaning of § 2241(c)(3), and the district court in which the petition is filed must have personal jurisdiction "upon the person who holds [the petitioner] in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-95 (1973). In Braden, an Alabama inmate petitioned the Western District of Kentucky for a writ giving him relief from an indictment pursuant to which Kentucky officials had lodged an interstate detainer against petitioner. The Court upheld the jurisdiction of the Kentucky federal court because petitioner's Alabama custodian "acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." 410 U.S. at 499-500. Here, on the other hand, Carmona alleges that Minnesota officials improperly extradited him to Louisiana and therefore he is unlawfully incarcerated *in Louisiana*. Carmona's Louisiana custodian is not at all indifferent to this claim. Therefore, the district court's lack of personal jurisdiction over that custodian required the dismissal of this action. Cf. Lee v. United States, 501 F.2d 494, 500-01 (8th Cir. 1974).

The judgment of the district court is affirmed. The court's September 28, 2001, Order imposing a partial appellate filing fee pursuant to 28 U.S.C. § 1915(b) is vacated; any partial fee paid should be returned to petitioner. See Malave v. Hedrick, 271 F.3d 1139 (8th Cir. 2001).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-