Eddie C. **RISDAL**, Petitioner,

v.

State of **IOWA**, Respondent.

No. **4:01–CV–90273.**

United States District Court,
S.D. Iowa,
Central Division.

Feb. 5, 2003.

Rockne Cole, Mears Law Office, Iowa City, IA, for Petitioner.

William A. Hill, Attorney General of Iowa, Des Moines, IA, for Respondent.

## ORDER

PRATT, District Judge.

This is a petition for writ of habeas corpus brought under 28 U.S.C. § 2254.

Before the court is respondent's motion to dismiss for failure to exhaust state court remedies.

### Background

This habeas concerns two separate disciplinary reports Risdal received in 2000 at the Iowa State Penitentiary. For each report, Risdal lost good time and was sentenced to disciplinary detention. Although he exhausted his administrative remedies, his requests for relief were denied.

In October of 2000, Risdal filed a postconviction action in the Iowa District Court for Lee County contesting both disciplinary actions. After reviewing Risdal's state court filing history, District Court Judge Fahey invoked Iowa Rule of Civil Procedure 80(b). *In the Matter of the Application of Rule of Civil Procedure 80(b) Against Eddie C. Risdal,* Filed November 29, 2001, In the Iowa District Court for Lee County at Fort Madison, at 3. Under Rule 80(b),

> "If a party commencing an action has in the preceding five-year period unsuccessfully prosecuted three or more actions, the court may, if it deems the actions to have been frivolous, stay the proceedings until that party furnishes an undertaking secured by cash or approved sureties to pay all costs resulting to opposing parties to the action including a reasonable attorney fee."

Ia. Rule Civ. P. 80(b)[1]. Judge Fahey found that Rule 80(b) applied to Risdal and *stayed* the postconviction action until Risdal could pay. In a later order, Judge Fahey set the bond for the postconviction relief petition at $426.77. *Risdal v. State of Iowa,* PCLA 00 4440, Order Setting Bond, Filed January 19, 2001. Risdal did not pay the bond but was allowed to apply

---

**1.** This rule is now found at Iowa Rules of Civil Procedure 1.413(2). Because the state court orders refer to it as Rule 80(b), this court will continue to use the same reference in this order.

for certiorari before the Iowa Supreme Court. The Iowa Supreme Court denied his application on April 17, 2001, and procedendo issued on April 25, 2001. Risdal's motion to reconsider was denied on July 25, 2001.

Risdal brought this petition for federal habeas review on April 30, 2001. Defendants' moved to dismiss based on exhaustion. This court denied the motion but later reconsidered the order. The case was then stayed until such time as Risdal's state proceedings were complete. On January 15, 2003, respondent reported that Risdal's state postconviction relief action was dismissed on January 1, 2003, for want of prosecution under Iowa Rule of Civil Procedure 1.944.

### Procedural Discussion

Even though Risdal's state postconviction action was dismissed for failure to prosecute, it was his failure to post the bond that prevented him from going forward with the state proceeding. Risdal raised the issue of the validity of the bond before the Iowa Supreme Court, but his petition for writ of certiorari was denied. *See In the Matter of the Application of Rule of Civil Procedure 80(B) Against Eddie Risdal*, No. 00–1998 (Iowa Supreme Court April 16, 2001).

■ The doctrine of procedural default prohibits a federal court from considering habeas claims if the state court rejected the claim based on a state law ground that is independent of the federal question and adequate to support the judgment, regardless of whether the state law ground is substantive or procedural. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Lee v. Kemna*, 534 U.S. 362, 122 S.Ct. 877, 885, 151 L.Ed.2d 820 (2002)(citing *James v. Kentucky*, 466 U.S. 341, 348, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984)) ("Ordinarily, violation of 'firmly established and regularly followed' state rules ... will be

adequate to foreclose review of a federal claim."). A state procedural rule only prevents federal review, however, when the rule is firmly established and regularly followed. *Dixon v. Dormire*, 263 F.3d 774, 781 (8th Cir.2001)(state did not consistently assert that the failure to seek a discretionary transfer is a bar to federal habeas relief); *see also Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)(state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed' at the time it was applied by the state court."); *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir.1997) (state rules that are too inconsistently or arbitrarily applied to bar federal review "generally fall into two categories: (1) rules that have been selectively applied to bar the claims of certain litigants ... and (2) rules that are so unsettled due to ambiguous or changing state authority that applying them to bar a litigant's claim is unfair.").

■ It is not clear who carries the burden of showing whether a state rule has been firmly established and regularly followed. The Court of Appeals for the Fifth Circuit requires the petitioner to make the showing. *See Sones v. Hargett*, 61 F.3d 410, 417 (5th Cir.1995) ("Sones has failed to demonstrate that Mississippi's three-year limitations rule is not regularly followed."); *see also Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir.1997) (petitioner's burden to show state did not regularly follow procedural bar at time of direct appeal). In the Tenth Circuit, however, after the state initially assert a procedural bar and the petitioner makes special allegations as to the adequacy of the state procedure, the burden returns to the state to rebut the petitioner's allegation because the state is considered to be in better position to have such information, to establish the regularity, consistency and effi-

ciency of rule. *Hooks v. Ward,* 184 F.3d 1206, 1216–17 (10th Cir.1999)("the state is undoubtedly in a better position to establish the regularity, consistency and efficiency with which it has applied [its procedural bar] than are habeas petitioners, who often appear pro se, to prove the converse."). The Ninth Circuit adopted the reasoning of *Hooks* in *Bennett v. Mueller,* 296 F.3d 752 (9th Cir.2002), noting that as an affirmative defense, it was the state's burden to plead and prove the default. *Id.* at 762.

Although it does not appear that the Eighth Circuit Court of Appeals has addressed this issue, it is reasonable to place the burden on the respondent because it knows better than any individual when and how often it has sought the enforcement of Iowa's Rule 80(b). For the reasons given by the Ninth and Tenth Circuits, this framework is adopted and applied here.

■ The state asserts that the use of Iowa Rule of Civil Procedure 80(b) is "well-established." Respondent's Brief (Pleading # 30) at 7. Neither in its brief or at oral argument, however, could the state produce any case where Rule 80(b) had ever served as a bar to federal review. The one case referenced was *Sprous v. Iowa District Court for Lee County,* 595 N.W.2d 777 (Iowa 1999). *Sprous* recognized the existence and potential use of Rule 80(b). *Id.* at 778 ("We emphasize our continued satisfaction with the rule, and note again the manifest need for it in order to address the cases that continue to stagger our courts."). Nonetheless, the rule was not applied. The recognition of a rule is not the same as regular application by the state. Under these circumstances, the state has failed to show that this rule has ever been applied in a postconviction relief action much less that it has been firmly established and regularly followed in such cases. As such, Iowa's Rule 80(b) cannot serve as an independent and adequate state grounds for procedural bar in this case.

### Constitutionality of Iowa Rule 80(b)

■ Respondent argues that Rule 80(b) is constitutional in the same way that the filing fee requirement of 28 U.S.C. § 1915(g) (part of the Prisoner Litigation Reform Act or PLRA) has been held constitutional. *See Higgins v. Carpenter,* 258 F.3d 797, 801 (8th Cir.2001), cert. denied *Early. v. Harmon,* 535 U.S. 1040, 122 S.Ct. 1803, 152 L.Ed.2d 659 (2002)(imposition of filing fee reviewed under rational basis and found not to violate equal protection rights of prisoners). Under § 1915(g), if an inmate has had three or more cases dismissed as frivolous, the inmate must pay the full filing fee before going forward unless there is imminent danger to the inmate. Iowa's Rule 80(b) provides that any party, not necessarily a prisoner or inmate, who "has in the preceding five-year period unsuccessfully prosecuted three or more actions" *may* be required to post a bond as set by the judge.

The filing fee required by federal courts is mandatory; the Iowa Rule is wholly discretionary. Further, the Eighth Circuit Court of Appeals and all other circuits have held that provisions of the PLRA do not apply to habeas actions or petitions which provide the same purpose and remedy as a habeas action. *See Malave v. Hedrick,* 271 F.3d 1139, 1140 (8th Cir. 2001) (per curiam)(unpublished), cert. denied —— U.S. ——, 123 S.Ct. 186, 154 L.Ed.2d 74 (2002) ("Focusing on the unique nature of habeas corpus and on Congress's intent when it enacted the PLRA, we now join our sister circuits in holding that the PLRA's filing-fee provisions are inapplicable to habeas corpus actions."); *see also Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2nd Cir.2001)(same); *Walker v.*

*O'Brien,* 216 F.3d 626, 633–34, (7th Cir.) cert. denied in *Hanks v. Finfrock,* 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000) (cases brought under §§ 2241 or 2254 which are unrelated to the underlying criminal judgment (challenging a disciplinary conviction) are not subject to requirements of the PLRA); *Blair–Bey v. Quick,* 151 F.3d 1036, 1039–40 (D.C.Cir.1998) (habeas is "unique creature of the law"); *Davis v. Fechtel,* 150 F.3d 486, 488–90 (5th Cir.1998) ("habeas claims involve someone's liberty, rather than mere civil liability"); *Sonnier v. Johnson,* 161 F.3d 941, 943 (5th Cir.1998)(per curium) ("PLRA does not apply to § 2254 habeas actions"); *In re Phillips,* 133 F.3d 770, 770–71 (10th Cir.1998)(proceedings under § 2254, § 2255 and/or § 2241 cases, nor appeals of those proceedings, are civil actions for purposes of § 1915, nor are petitions for writs of mandamus related to these proceedings); *Martin v. Bissonette,* 118 F.3d 871, 874 (1st Cir.1997)("We seriously doubt that Congress would have proposed to narrow the habeas gateway in so restrictive a manner without some explicit reference to that effect."); *Smith v. Angelone,* 111 F.3d 1126, 1131 (4th Cir.1997); *Kincade v. Sparkman,* 117 F.3d 949, 951 (6th Cir. 1997)("it is unlikely that congress intended for the Prison Litigation Reform Act to reach habeas corpus actions 'merely to assure deferred monthly payments of a $5.00 fee.' ")( quoting *Santana v. United States,* 98 F.3d 752, 756 (3d Cir.1996)); *Anderson v. Singletary,* 111 F.3d 801, 805 (11th Cir.1997)(Congress promulgated PLRA to curtail prisoner tort, civil rights, and conditions litigation, not filing of habeas petitions); *Naddi v. Hill,* 106 F.3d 275, 277 (9th Cir.1997); *Martin v. United States,* 96 F.3d 853, 854–55 (7th Cir.1996)(petition for mandamus in criminal proceeding is not form of prisoner litigation as encompassed under 28 U.S.C. § 1915(b)(1); "[a] different conclusion would create the anomaly that a prisoner who had brought three or more groundless civil suits while incarcerated could not seek mandamus in a criminal action against him without prepaying the docket fee, 28 U.S.C.§ 1915(g)—not something that Congress is likely to have intended in seeking to lessen the flow of groundless prisoner civil rights litigation."); *Reyes v. Keane,* 90 F.3d 676, 678 (2nd Cir.1996)(Congress did not intend the PLRA to apply to petitions for a writ of habeas corpus), overruled on other grounds by *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). These decisions rely on the rationale that postconviction relief is unique in character.

These are civil proceedings because there is no factual assessment required as to one's guilt or innocence related to a crime. Despite its civil proceeding nomenclature, it is the person's liberty at issue in a postconviction action not merely monetary damages. This distinction alone is enough to set these cases apart from other traditional civil actions.

The United States Supreme Court found that an Iowa law requiring the payment of filing fee by an indigent prisoner before filing an application for a writ of habeas corpus violated the Equal Protection Clause of the Constitution. *Smith v. Bennett,* 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). In *Smith,* Iowa charged four dollars for the filing of any petition and three dollars for filing an appeal. *Id.* at 896. When the plaintiff tried to file a petition for a writ of habeas corpus with a motion to proceed in forma pauperis, the state court clerk refused to docket the petition. *Id.* The Supreme Court noted that this postconviction remedy was available to all prisoners who had the nominal filing fee, and it was a violation of equal protection to deny such a right to prisoners who were without means to pay it. *Id.* at 898. The Court, as did the circuits

referred to above, distinguished postconviction actions from other civil actions because it is "'the highest remedy in law, for any man that is imprisoned.'" *Id.* at 897, quoting 3 Howell's State Trials 95 (1628). As noted by the Court in *Smith,* no matter what the fee, "if one does not have it and is unable to get it the fee might as well be $400, . . . ." *Id.*

Ironically, in the present case, the fee is set at $426.77, an amount that Risdal undisputably cannot afford to pay. This federal court, like the Iowa state courts, has been on the receiving end of Risdal's nimiety of pleadings. Where such pleadings become a burden on court resources, it may become appropriate for a court to curtail these pleadings. A postconviction relief action, however, even one concerning a prison disciplinary report, concerns the fundamental liberty of a person. *See id.* at 898 ("man's greatest right—personal liberty—has been guaranteed, and the procedures of the Habeas corpus Act of 1679 gave to every Englishman a prompt and effective remedy for testing the legality of his imprisonment."). As such, the state may not block access to this remedy by requiring petitioner to first post this type of bond.

Respondent asserts that it is Risdal's own past behavior of filing frivolous lawsuits that created this hurdle. One could extend this argument that Risdal should not have received the disciplinary report in the first place, or even further, that he would not be seeking relief of a disciplinary decision if was not incarcerated on the underlying criminal charge. Remedies for postconviction proceedings are provided for by the state and as long as they are, they must be applied in an equal basis. Regardless of why Risdal is in this position, the state may not preclude him from filing a postconviction petition without first posting a bond. "[T]o interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." *Id.* at 896.

### Underlying Merits of Petition

This court may only grant habeas corpus where the rulings of the Iowa courts either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because there was no state court record developed, the court cannot assess whether any constitutional rights were violated.

On or before **February 28, 2003,** the parties shall file a report to the court setting forth whether an evidentiary hearing will be needed in this matter or whether the case can be submitted on a stipulated record. If an evidentiary hearing is necessary, each party shall provide a list of exhibits the party expects to introduce into evidence, a list of witnesses the party expects to call to testify with a short summary of the content of that testimony, and an estimate of the length of time necessary for the presentation of the party's evidence.

### Conclusion

Respondent's motion to dismiss is denied. The parties shall report to the court as directed above no later than February 28, 2003.

IT IS ORDERED