**PUBLISH**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re:

HOWARD PHILLIPS,

        Petitioner.

No. 97-646

PAGE TRUE, Warden; UNITED
STATES BOARD OF PAROLE,

        Real Parties in Interest.

**ORDER**

Filed January 6, 1998

Before ANDERSON, BALDOCK, and HENRY, Circuit Judges.

This is an original proceeding in the nature of mandamus. Petitioner seeks: 1) leave to proceed in this court without prepayment of costs or fees and 2) an order compelling the district court to hear and decide his pending petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, case No. 95-CV-3465.

## I.

We consider first the application for leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), prisoners proceeding in forma pauperis who bring a "civil action" or appeal a judgment from a civil action must pay all filing fees. United States v. Simmonds, 111 F.3d 737, 741 (10th Cir. 1997). We decided in Simmonds, id. at 744, consistent with other circuits that have addressed the issue, that "neither habeas corpus or 28 U.S.C. § 2255 proceedings, nor appeals of those proceedings are 'civil actions' for purposes of 28 U.S.C. § 1915." Shortly thereafter, we added to the category of proceedings not covered by the PLRA mandatory fee requirements those petitions for writs of habeas corpus brought under 28 U.S.C. § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (§ 2241 proceedings and appeals of those proceedings not "civil actions" for purposes of 28 U.S.C. § 1915(a)(2) and (b)).

Upon further consideration of the matter, we now conclude that this circuit will no longer require mandatory fees under the PLRA for filing petitions for writs of mandamus seeking to compel district courts to hear and decide actions brought solely under 28 U.S.C. §§ 2241, 2254 and 2255. To the limited extent

that any of our earlier cases could be interpreted to the contrary, they are overruled.[1]

We have examined the motion for leave to proceed in forma pauperis under the appropriate standards, see McIntosh, 115 F.3d at 812-13, and conclude petitioner has met the requisite criteria. Accordingly, the motion for leave to proceed in forma pauperis is granted.

## II.

Moving to the merits of the mandamus petition, we note that the district court's docket sheet reflects the underlying habeas corpus petition was filed in November of 1995. It further appears that the cause has been pending, at issue, since the filing of the government's answer in April of 1996. We have previously held that without more, this is too long for a habeas corpus petition to remain unresolved.

---

[1]We have circulated this opinion to the en banc court, which has concurred with this ruling.

Accordingly, the real parties in interest, other than petitioner, are directed to respond to the petition. The district court judge to whom the case is assigned may also respond, if he is so inclined. The responses shall be filed within twenty days of the date of this order.

Entered for the Court
PATRICK FISHER, Clerk