**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

EDWIN W. COUSE,

      Petitioner-Appellant,

v.

ARNETT M. FLOWERS,

      Respondent-Appellee.

No. 98-6330
(W.D. Okla.)
(D.Ct. No. CV-97-1414-T)

_____

**ORDER AND JUDGMENT**[*]

———————————

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Edwin Couse, a pro se federal inmate, appeals the district court's

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissal of his 28 U.S.C. § 2241 petition. After a thorough review of the record, we deny Mr. Couse's motion to supplement the record on appeal,[1] grant his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees,[2] and affirm the decision of the district court.

Following his conviction in the Middle District Court for Florida on various counts of conspiracy, bank fraud, mail fraud and obstruction of justice, Mr. Couse received a sentence of sixty months in prison, three years supervised release, and $46,000 restitution. The Eleventh Circuit affirmed his conviction on direct appeal, and the Supreme Court denied his petition for certiorari on June 10, 1996. Mr. Couse began serving his sentence September 9, 1996, first at Lompoc,

---

[1] Mr. Couse seeks to supplement the record on appeal with copies of various pleadings and documents mostly prepared by him and allegedly filed with the district courts in the Middle District of Florida and Western District of Oklahoma. Having conducted a thorough review of the pleadings and documents submitted, we conclude they are not material to this appeal, and deny Mr. Couse's request to supplement the record.

[2] Mr. Couse asks to proceed *in forma pauperis*. The mandatory *in forma pauperis* filing fee provisions of the Prisoner Litigation Reform Act of 1995 (PLRA) do not apply to § 2241 appeals. *See In Re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998); *McIntosh v. United States Parole Comm.,* 115 F.3d 809, 811-12 (10th Cir. 1997). We have reviewed his motion and the materials filed in support therein, and find Mr. Couse demonstrates a financial inability to pay the required fees. Because his argument on appeal contains some reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal, his *in forma pauperis* request is granted.

California and then El Reno, Oklahoma.

After his transfer to the El Reno facility in December 1996, Mr. Couse started legal research for his § 2255 motion. Mr. Couse began complaining to prison officials about the inadequacy or unavailability of legal materials. On May 18, 1997, Mr. Couse mailed to the Middle District Court for Florida a motion for extension of time to file his § 2255 motion, because it was due June 10, 1997. In support of his request, Mr. Couse advised the court he just recently received the trial transcripts, discovery, and investigative and other evidence used at trial, and the Bureau of Prisons continued to deny him access to the trial videotapes.[3] By order dated June 27, 1997, the district court denied his motion for extension of time.

Mr. Couse then filed with the Western District Court of Oklahoma his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Mr. Couse alleges he is "being held illegally and in violation of the Constitution ... by virtue of a deprivation" of his Fourteen Amendment due process rights. Specifically, he alleges deprivation of constitutional rights caused by a delays in

---

[3] Mr. Couse subsequently received permission to view the three video tapes at issue.

obtaining videotapes used for conviction and by the prison warden's "failure to provide the legal research materials necessary for ... the opportunity to be heard in his [§] 2255 motion". Mr. Couse also filed a motion for a temporary restraining order and preliminary injunction requesting the warden cease withdrawing funds from his inmate trust fund account to satisfy the restitution ordered in his sentence.

A magistrate judge issued a Report and Recommendation recommending dismissal of Mr. Couse's § 2241 petition. The magistrate judge determined: (1) Mr. Couse's claims regarding delays in receiving trial videotapes and deficiencies in prison law library materials are not properly raised in a § 2241 petition because they do not affect the validity of his sentence; (2) his petition is an attempt to appeal the Florida court's denial of his motion for extension of time, which is not the proper purpose of a § 2241 motion; and (3) even if his allegations are true, he fails to demonstrate the denial of certain legal resources hindered his efforts to pursue a nonfrivolous claim. The magistrate judge also recommended denying Mr. Couse's motion for a temporary restraining order and preliminary injunction because his vague and conclusory allegations of immediate and irreparable harm, without more, are insufficient for injunctive relief.

Mr. Couse filed objections to the magistrate judge's Report and Recommendation. The district court made an independent review of the record and precedent, and considered *de novo* Mr. Couse's claims, before adopting the magistrate judge's Report and Recommendation. The district court concluded: (1) Mr. Couse's § 2241 appeal is merely an improper attempt to appeal the Florida federal district court's denial of his motion seeking an extension of time to file his § 2255 motion, and (2) he is not entitled to injunctive relief.

We review the district court's dismissal of a § 2241 motion *de novo*. *Bradshaw v. Story*, 86 F.3d 164,166 (10th Cir. 1996). Petitions filed under § 2241 are intended to attack the execution of a sentence rather than its validity, and must be filed in the district where the prisoner is confined. *Id.; see also McIntosh*, 115 F.3d 809 at 811. They are not intended as an additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. § 2255. *Bradshaw*, 86 F.3d at 166.

After reviewing Mr. Couse's brief, the pleadings and the entire record before us, we agree with the decision of the district court. Mr. Couse has not raised issues concerning the execution of his sentence, as required by 28 U.S.C. § 2241. Instead, he complains about the inadequacy of prison law library

materials used for researching his § 2255 motion, and delays in obtaining trial videotapes – a complaint rejected by the Florida federal district court in denying his motion for extension of time in filing his § 2255 motion.  As the magistrate judge and district court concluded, Mr. Couse's attempt to use a § 2241 motion merely to appeal the Florida court's denial of his motion for an extension to file his § 2255 motion, is an improper use of the remedies afforded by § 2241.

We therefore **AFFIRM** the district court's decision for substantially the same reasons stated in its order dated July 16, 1998, and the magistrate judge's adopted Recommendation and Report dated April 30, 1998, copies of which are attached hereto.

The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge