**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEO SIMMONS,

      Petitioner-Appellant,

v.

ARI ZAVARAS, Executive Director;
BOB KURTZ, Warden,

      Respondents-Appellees.

No. 09-1001
(D.C. No. 1:08-CV-2164-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

We have before us the application of Leo Simmons, a Colorado prisoner, for a certificate of appealability ("COA") permitting him to appeal the district court's dismissal of his application for a writ of habeas corpus under 28 U.S.C. § 2254. We grant the application in part and reverse.

In 1998, a Colorado state court convicted Mr. Simmons of conspiracy to possess a controlled substance, a felony charge, and sentenced him to twelve

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years' imprisonment.  He filed his federal habeas petition on September 25, 2008, along with a request to proceed *in forma pauperis* ("IFP").  His petition alleges three bases for relief.  First, he argues that he received constitutionally ineffective representation.  Second, he claims that he was denied the preliminary hearing to which Colorado law entitled him.  Finally, he says that the "constitutional fact doctrine" requires his release.

The district court concluded that Mr. Simmons's motion for leave to proceed IFP was defective because he did not submit the prisoner's trust fund account statement ("Account Statement") described in 28 U.S.C. § 1915(a)(2).  That provision, enacted as part of the Prison Litigation Reform Act ("PLRA"), provides that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ."  *Id.*  The district court gave Mr. Simmons thirty days to file the Account Statement or face dismissal of his petition.  When Mr. Simmons did not file the statement by the

deadline, the district court dismissed his habeas petition without prejudice.[1]  Mr. Simmons sought rehearing, which was denied.

Because the district court dismissed his petition on procedural grounds, Mr. Simmons must show two things in order to obtain a COA:  (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  He has cleared both hurdles.

First, one of Mr. Simmons's substantive challenges to his confinement "states a valid claim of the denial of a constitutional right."  *Id.* at 484.  His papers appear to allege that his trial lawyer had a conflict of interest and failed to inform him adequately about one of the charges against him.  Without passing on their merits, these allegations, if true, could lend support to a claim of ineffective assistance of counsel.[2]

---

[1]  Before the deadline, Mr. Simmons submitted an amended habeas petition. On what appears to be the reverse side of the last page of this document, he included a note to the district court describing his difficulties obtaining the Account Statement from prison authorities and asking for the court's assistance in obtaining it.  In its dismissal order the district court held that Mr. Simmons had failed to communicate with the court about the Account Statement at all, but did not address this note (perhaps because it didn't see it due to its obscure location). Mr. Simmons points to his pre-deadline communication as evidence that the district court's dismissal was erroneous.  In light of our disposition that follows, however, it is unnecessary to address this contention.

[2]  Neither of Mr. Simmons's other claims form a basis for habeas relief.

(continued...)

Second, the district court's procedural ruling was erroneous.

Section 1915(a)(2)'s Account Statement requirement, while applicable in many

other contexts, does not apply in habeas corpus actions brought by state prisoners

under § 2254. *United States v. Simmonds*, 111 F.3d 737, 743 (10th Cir. 1997),

*overruled on other grounds by United States v. Hurst*, 322 F.3d 1256, 1261 n. 4

(10th Cir. 2003); *see also In re Phillips*, 133 F.3d 770 (10th Cir. 1998) (extending

*Simmonds* to mandamus proceedings related to habeas corpus). Because Mr.

Simmons was not required to file an Account Statement, the district court's

decision to dismiss his habeas petition for failure to do so was erroneous.

We therefore grant the COA with respect to Mr. Simmons's ineffective

assistance claim. With respect to that claim, the judgment of the district court is

reversed, and the case remanded for further proceedings consistent with this

order. With respect to Mr. Simmons's remaining claims, we deny the COA and

dismiss the appeal. Mr. Simmons's application for leave to proceed IFP on

appeal is granted.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[2](...continued)
Violation of Colorado procedures relating to preliminary hearings is not a basis
for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)
("[F]ederal habeas corpus relief does not lie for errors of state law.") (quotation
omitted). And the doctrine of constitutional fact has no application to Mr.
Simmons's case.