**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PERRY YORK,

        Petitioner-Appellant,

v.

U.S. PAROLE COMMISSION,

        Respondent-Appellee.

No. 09-3008
(D.C. No. 5:07-CV-03234-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Perry York filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 contesting the order in which he was required to serve his two consecutive

federal sentences and the impact of that order on his current parole status.

Because York was released from prison while his petition was pending, the

district court concluded the case was moot and dismissed the petition despite

York's contention that his case was not moot while he remained on parole. The

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

district court's order is silent as to York's parole status. We agree with York that his case is not moot by virtue of his release if he remains on parole. However, we cannot definitively determine whether York remains on parole on the record before us. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the dismissal of York's habeas petition and remand for further proceedings consistent with this order and judgment.

On February 19, 1986, York was convicted of aiding and abetting robbery of a credit union and assault with a handgun in commission of the same. He was sentenced to consecutive sentences of 15 years' imprisonment on the former charge and 5 years' imprisonment on the latter. The United States Parole Commission initially ordered that York's parole-eligible term of 15 years be served prior to his 5 year non-parole eligible term. The Parole Commission later switched course, ordering York to serve the non-parole eligible term first.

On September 7, 2007, York filed a § 2241 petition challenging the reordering of his sentences without a hearing, claiming violations of his Double Jeopardy and Due Process rights. York signed his habeas petition on August 31, 2007, while incarcerated in the federal penitentiary in Leavenworth, Kansas. He later moved for summary judgment.

On June 10, 2008, York filed a notice of change of address, providing a non-prison mailing address in Minnesota. In a subsequent filing, York notified the court that he would be released "on unlawful supervision" on August 5, 2008.

He later provided a second non-prison address effective that same day. The district court issued a show cause order as to why the case should not be dismissed as moot, and York filed a response. He argued that he remained on parole and thus his case was not moot because he remained in custody for purposes of § 2241. Despite that response, the district court dismissed the habeas petition as moot. In its order, the district court noted, "[b]ecause he has been released from confinement, the court finds no additional relief can be granted in this action. Likewise, the court has identified no collateral consequence that might warrant the retention of this action." In so doing, the district court made no finding as to whether York remained on parole at the time of its ruling.

A case is not moot if a court can provide effectual relief. United States v. Hahn, 359 F.3d 1315, 1323 (10th Cir. 2004) (en banc). If York completed the term of his federal sentence including the entirety of his parole on the relevant two counts of conviction, his habeas petition would indeed be moot because a court could not provide relief. If he were on parole for the relevant convictions at the time the district court ruled, however, the court might be able to redress his injury, and his petition might not be moot. See Aycox v. Lytle, 196 F.3d 1174, 1176 n.2 (10th Cir. 1999) (holding that a case was not moot because the petitioner

- 3 -

remained on parole and his parole period would be shortened if he prevailed on the merits of his claim).[1]

York argued to the district court that he remained on parole, and the evidence in the record regarding his current parole status is unclear.[2] He challenges the order in which he was required to serve his consecutive sentences as well as the lack of a hearing provided when the Parole Commission altered that order. Should he prevail, a judicial remedy could conceivably affect the duration of his parole and thus his case would not be moot. Because the record is unclear as to York's current parole status, we cannot determine whether this case is moot.

Accordingly, we **VACATE** the dismissal of York's habeas petition and **REMAND** for further proceedings consistent with this order and judgment.[3]

---

[1] From the face of the district court's order it seems clear that it relied on the constitutional mootness doctrine. Had the district court instead relied on the "in custody" requirement of § 2241, the same result would hold because a parolee remains "in custody" within the meaning of that statute. Jones v. Cunningham, 371 U.S. 236, 243 (1963).

[2] The record seemingly supports York's claim that he is presently on parole, but we allow the district court to make factual findings on this issue in the first instance on remand.

[3] Because it is unclear whether this case is moot and thus whether there is federal court jurisdiction, we do not consider the merits of the habeas petition. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

York's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

Entered for the Court

Carlos F. Lucero
Circuit Judge