**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PERRY YORK,

        Petitioner-Appellant,

v.

DUKE TERRELL, Warden;
M. PUCKETT, Case Manager;
H. LAPPIN, Director, Bureau of
Prisons; UNITED STATES PAROLE
COMMISSION,

        Respondents-Appellees.

No. 09-3011
(D.C. No. 5:07-CV-03293-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Perry York, a former federal inmate proceeding pro se, appeals the district

court's denial of petition for mandamus seeking an order of release from custody.

*See* 28 U.S.C. § 1361 (granting to the district courts "original jurisdiction of any

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff").

**Availability of Mandamus**

"Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). Mr. York's mandamus petition challenged "the order in which his consecutive sentences were to be served." R. at 33. In a habeas case filed under 28 U.S.C. § 2241, Mr. York made a similar argument. *York v. U.S. Parole Comm'n*, No. 09-3008, 2009 WL 1383363, at *1 (10th Cir. May 19, 2009) (unpublished). The district court denied the petition for mandamus and dismissed the habeas petition. Mr. York appealed. Recently, this court reversed and remanded the habeas case for further proceedings. *Id.* at *2. Because Mr. York's claim is being reviewed in the habeas process, "mandamus is not available" to him. *W. Shoshone Bus. Council*, 1 F.3d at 1059.

**Applicability of PLRA**

Mr. York has filed a motion to proceed on appeal in forma pauperis. We note that this court assessed partial payments under the Prison Litigation Reform Act (PLRA) section that provides "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee" on an installment plan. 28 U.S.C. § 1915(b)(1). Due to the

-2-

interrelated nature of Mr. York's mandamus and § 2241 habeas matters, we conclude that Mr. York's mandamus petition is not "a civil action" as contemplated by § 1915(b).  *Cf. In re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998) (noting filing fees not required for habeas matters and holding "this circuit will no longer require mandatory fees under the PLRA for filing petitions for writs of mandamus seeking to compel district courts to hear and decide actions brought solely under 28 U.S.C. §§ 2241, 2254, 2255).

We AFFIRM the district court's denial of Mr. York's mandamus petition. We also VACATE this court's assessment order and GRANT Mr. York's motion to proceed in forma pauperis without payment of the filing fee.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-3-