**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PERRY YORK,

      Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

      Respondent-Appellee.

No. 10-3068
(D.C. No. 5:07-CV-03234-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Perry York, a former federal prisoner appearing pro se, appeals from the district court's dismissal of his 28 U.S.C. 2241 petition for writ of habeas corpus.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court concluded that the petition is moot because York is no longer serving a term of supervision, and dismissed the petition. We agree that York's petition is moot, and AFFIRM the judgment of the district court.

**I**

On August 31, 2007, York filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, he challenged the Bureau of Prison's computation of his sentence and argued that various parole revocations violated his right to due process. The district court dismissed his petition as moot because he had already been released from federal prison.

York appealed the dismissal of his petition. However, the record on appeal did not indicate whether York was on parole following his release from federal prison. We stated:

> If York completed the term of his federal sentence including the entirety of his parole on the relevant two counts of conviction, his habeas petition would indeed be moot because a court could not provide relief. If he were on parole for the relevant convictions at the time the district court ruled, however, the court might be able to redress his injury, and his petition might not be moot.

York v. U.S. Parole Comm'n, 330 F. App'x 163, 164–65 (10th Cir. 2009). We then vacated the dismissal of his habeas petition and remanded for further proceedings.

On remand, the government filed a motion to dismiss the petition as moot, and submitted records indicating that on May 8, 2009, York was no longer on

2

parole and had been released from all Bureau of Prison supervision. York filed a motion with the district court, in which he asserted that the case was not moot, but he did not dispute that he had been released from the Bureau of Prison's supervision. Additionally, he did not identify any continuing injury he suffered. On February 17, 2010, the district court dismissed the petition as moot. This timely appeal followed.

## II

Federal courts may consider only actual "cases or controversies." U.S. Const. art. III, § 2, cl. 1. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation marks and ellipses omitted). Accordingly, "[i]f during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." Kan. Judicial Review v. Stout, 562 F.3d 1240, 1245 (10th Cir. 2009). We review the district court's determination of mootness de novo. Faustin v. City, County of Denver, Colorado, 268 F.3d 942, 947 (10th Cir. 2001).

"Once the [habeas petitioner's] sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. Ordinarily, if a petitioner is challenging his

3

conviction but has completed his sentence, we presume that collateral consequences follow the underlying conviction, and there is still a live case. Id. However, when a petitioner challenges a parole revocation, but is no longer incarcerated or subject to the supervision of the United States Parole Commission, this presumption does not apply. Id. at 14. Instead, the petitioner must demonstrate the existence of a concrete continuing injury, i.e., actual collateral consequences from that revocation. See id.

On May 8, 2009, York was released from federal supervision. York has not identified any collateral consequences of his parole revocation. Rather, he merely reasserts his arguments regarding the merits of his § 2241 petition. Because York is no longer under federal supervision and has not demonstrated that there are any collateral consequences from the allegedly unlawful computation of his sentence and revocation of his parole, we conclude that his petition is moot.

Accordingly we AFFIRM the judgment of the district court dismissing York's habeas corpus petition as moot.

Entered for the Court

Mary Beck Briscoe
Chief Judge

4