**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEROY BUHL,

      Petitioner - Appellant,

v.

D. BERKEBILE, Warden,

      Respondent - Appellee.

No. 14-1389
(D. Colorado)
(D.C. No. 1:14-CV-01476-LTB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Leroy Buhl, a federal inmate proceeding pro se, appeals the dismissal without prejudice of his application for relief under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Buhl's application under § 2241 alleged that in April 2014 he was placed in the special housing unit of the United States Penitentiary, Administrative Maximum in Florence, Colorado, based on an erroneous incident report and without a timely disciplinary proceeding, in violation of a Bureau of Prison regulation. He claimed that his equal-protection and due-process rights were violated and that he was deprived of liberty interests. As relief, he requested release from the special housing unit or transfer from the prison and expungement of the incident report. He also filed a motion for leave to proceed *in forma pauperis* (*ifp*) on a form for use "in a habeas corpus action." R. at 10 (full capitalization omitted).

On May 27, 2014, a magistrate judge for the United States District Court for the District of Colorado ordered Mr. Buhl (1) to file his pleading on a court-approved prisoner-complaint form because conditions-of-confinement claims cannot be raised in a habeas corpus proceeding; and (2) to file a correct *ifp* form under 28 U.S.C. § 1915 and include an authorization to calculate and disburse filing-fee payments from his inmate account. The order warned that the action would be dismissed without further notice if Mr. Buhl failed to cure the deficiencies within 30 days.

On June 24 Mr. Buhl filed a "Motion to Compel the Respondent to Cease/Desist Delays in Delivering Legal Mails," alleging that he did not receive a copy of the

2

magistrate judge's order until June 19. *Id.* at 22. He also filed an unsuccessful petition in this court for a writ of mandamus to direct the district court to order the warden to transfer him to another prison. On July 1 the magistrate judge granted Mr. Buhl an extension of time until July 16 to cure the deficiencies in his pleadings. The next day, he filed a motion asking the magistrate judge to recuse from further service in this case; and on July 9 he filed a second motion for leave to proceed *ifp* that was not on the proper form. On September 5, Mr. Buhl having failed to cure the deficiencies within the time allowed, the district court dismissed the action without prejudice and denied him permission to proceed *ifp* on appeal.

Mr. Buhl argues on appeal that he properly brought his claim under § 2241 because this court has previously heard similar challenges to prison disciplinary action. He cites *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004), in which we held that the appellant prisoners were entitled to habeas relief because revocation of their earned credits based on unsupported disciplinary convictions violated due process, *see id.* at 1023, 1026. And he contends that he should not have been required to submit his pleadings on a form for prisoner complaints rather than a habeas form because we have acknowledged "that § 2241 proceedings, and appeals of those proceedings, are not 'civil actions' for purposes of 28 U.S.C. §§ 1915(a)(2) and (b)." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *see In re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998). "We review the district court's dismissal of a § 2241 habeas petition de

3

novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted).

We are not persuaded. The district court correctly ruled that Mr. Buhl had failed to state grounds for relief under § 2241. "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted). Moreover, "a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971)]." *Id.* (brackets and internal quotation marks omitted). *Gamble* is not to the contrary. The reason the prisoners in that case could seek relief in habeas is that the loss of earned credits would delay their release from prison. *See Gamble,* 375 F.3d at 1026; *McIntosh*, 115 F.3d at 811 (deprivation of good-time credits may be challenged under § 2241). Unlike the prisoners in *Gamble*, Mr. Buhl does not allege the deprivation of such credits or otherwise challenge the *duration* of his confinement. Instead, he alleges that he was placed in a special housing unit and asks to be released into the general prison population or transferred from the prison. Because Mr. Buhl challenges only the conditions of his confinement, the district court did not err in ruling that his claim could not proceed in habeas. This issue having been resolved, it

follows that Mr. Buhl could not properly submit his claim on a form for habeas proceedings.

We AFFIRM the judgment of the district court. And because Mr. Buhl has not made a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we DENY his motion to proceed *ifp*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge