FILED
United States Court of Appeals
Tenth Circuit

September 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEROY BUHL,

     Petitioner - Appellant,

v.

D. BERKEBILE, Warden,

     Respondent - Appellee.

No. 15-1204
(D.C. No. 1:14-CV-02029-PAB)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Leroy Buhl, a federal inmate proceeding pro se,[1] appeals from the dismissal of his application for relief under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Buhl appears pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Mr. Buhl is an inmate in the custody of the U.S. Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Buhl filed this action under 28 U.S.C. § 2241, alleging his due process rights were violated during a prison disciplinary action. According to Mr. Buhl, he was attacked by two other inmates wielding knives on May 18, 2012. During the course of the attack, Mr. Buhl claims he was able to disarm one of his assailants, after which he picked up the assailant's knife and turned it over to prison officials at the first opportunity. Nonetheless, Mr. Buhl was charged with possession of a weapon.

Mr. Buhl did not receive a copy of the incident report charging him with possession of a weapon during the usual twenty-four-hour timeframe contemplated by federal regulations because the prison was waiting for the F.B.I. to review reports of the incident and to determine whether criminal charges should be brought against Mr. Buhl. *See* 28 C.F.R. § 541.5(a) ("*You will ordinarily receive the incident report within 24 hours* of staff becoming aware of your involvement in the incident." (emphasis added)). The F.B.I. declined to prosecute on June 1, 2012, and Mr. Buhl received a copy of the incident report that same day. Following a hearing, Mr. Buhl was convicted of the disciplinary offense and received a disciplinary sanction involving segregation and the loss of telephone and commissary privileges for sixty days. Importantly, the disciplinary sanction did not include a loss of good time credits. On July 22, 2014,[2] Mr. Buhl filed the instant action, alleging his due process

---

[2] Due to a series of procedural missteps not relevant to this appeal, Mr. Buhl's habeas petition was delayed, but was nevertheless timely filed.

rights were violated because the June 1, 2012, incident report was issued after the twenty-four-hour period contemplated by federal regulations.

The district court denied Mr. Buhl's application for relief on the ground that the court lacked jurisdiction to consider Mr. Buhl's claim under 28 U.S.C. § 2241. In the alternative, the district court concluded Mr. Buhl had failed to demonstrate a due process violation. Mr. Buhl appeals.

We review the district court's disposition of Mr. Buhl's § 2241 petition de novo but review the court's factual findings for clear error. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Under § 2241, habeas corpus relief is available if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This court has routinely held that habeas corpus relief—including relief under § 2241—is available only when an inmate is challenging "the fact or duration of his confinement" or seeking "immediate release or a shortened period of confinement." *Palma-Salazar*, 677 F.3d at 1035. We have expressly distinguished claims that are appropriate for habeas relief from those challenging an inmate's "conditions of confinement." *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997). Although prisoners challenging the fact or duration of their confinement may proceed through an action in habeas, prisoners challenging the conditions of their confinement "must do so through a civil rights action." *Palma-Salazar*, 677 F.3d at 1035. And when a prisoner seeks to challenge the conditions of his confinement via § 2241, we lack jurisdiction to consider his claim. *See id.* at 1038. Thus, because Mr. Buhl's disciplinary sanction

3

did not impact the duration of his sentence, we lack jurisdiction under § 2241 to consider his claim.

Mr. Buhl relies on our decision in *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004), *superseded by statute on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007), to argue that § 2241 is the appropriate vehicle to challenge prison disciplinary rulings. But as we have previously explained to Mr. Buhl, *see Buhl v. Berkebile*, 597 F. App'x 958, 959 (10th Cir. 2014) (unpublished), *Gamble* involved a challenge to disciplinary proceedings that resulted in the loss of a prisoner's good time credits and, thus, affected the duration of his sentence. *Gamble*, 375 F.3d at 1026; *see also McIntosh*, 115 F.3d at 811 (indicating the deprivation of good time credits can be challenged through § 2241). In this case, the prison disciplinary action did not implicate Mr. Buhl's good time credits or otherwise impact the duration of his sentence. Instead, Mr. Buhl was placed in segregation and lost telephone and commissary privileges for sixty days. These are quintessential conditions of confinement, and § 2241 is not the appropriate vehicle through which to challenge them. Thus, *Gamble* is inapposite.

Because we lack jurisdiction to consider Mr. Buhl's claim under 28 U.S.C. § 2241, we dismiss the appeal. Accordingly, we express no opinion as to the merits of Mr. Buhl's underlying due process claim.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

4